# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00834-SCT

*NANCY POWE, INDIVIDUALLY AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES OF
CECIL POWE, DECEASED*

*v.*

*O. W. BYRD, M.D., AND THE MEDICAL GROUP
CLINIC*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/1/2002 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CHRISTINA CARROLL |
| | DAVID WAYNE BARIA |
| | MARK L. PEARSON |
| | W. ERIC STRACENER |
| | MARY MARVEL FYKE |
| ATTORNEYS FOR APPELLEE: | GAYE NELL LOTT CURRIE |
| | GEORGE QUINN EVANS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 11/18/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH
### NO. 2003-CA-00021-SCT

*NANCY POWE, INDIVIDUALLY AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES OF
CECIL POWE, DECEASED*

*v.*

*O.W. BYRD, M.D., AND THE MEDICAL GROUP
CLINIC*

DATE OF JUDGMENT:                          9/27/2002
TRIAL JUDGE:                               HON. LARRY EUGENE ROBERTS
COURT FROM WHICH APPEALED:                 CLARKE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:                   CHRISTINA CARROLL
                                           DAVID WAYNE BARIA
                                           MARK L. PEARSON
                                           W. ERIC STRACENER
                                           MARY MARVEL FYKE
ATTORNEYS FOR APPELLEE:                    GAYE NELL LOTT CURRIE
                                           GEORGE QUINN EVANS
NATURE OF THE CASE:                        CIVIL - MEDICAL MALPRACTICE
DISPOSITION:                               AFFIRMED - 11/18/2004
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE COBB, P.J., DICKINSON AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.    This appeal involves the consolidation of two cases. Plaintiff Nancy Powe's ("Powe") original medical malpractice complaint ("Original Complaint") was dismissed on April 1, 2002, by the Circuit Court of Clarke County for failure to timely serve the remaining defendant, The Medical Group Clinic, with a summons and complaint within the applicable 120 day time period under Rule 4(h) of the Mississippi Rules of Civil Procedure. On April 1, 2002, the day the Original Complaint was dismissed, Powe filed a second factually similar complaint ("Second Complaint") in a second lawsuit. The Circuit Court of Clarke County entered an Order of Dismissal on September 27, 2002, dismissing that action as barred by the two-year statute of limitations contained in Miss. Code Ann. § 15-1-36. Powe appeals, and we affirm.

**FACTS**

¶2.    Cecil Powe was treated for gastritis and hemorrhoids by Dr. O.W. Byrd on multiple occasions from January 4, 1996, to January 6, 1998.  In March of 1998, when treated at Rush Memorial Hospital, he was diagnosed with metastic adenocarcinoma in his colon and lungs; he died on August 10, 1998.

¶3.    On August 3, 2000, Powe filed the Original Complaint alleging medical malpractice. The other defendants were dismissed by agreed order.  Service was not made upon  the remaining defendant until December 4, 2000, which was 3 days after the 120 day deadline required by Rule 4(h) of the Mississippi Rules of Civil Procedure.  Powe's counsel contends that process was not served because of a mistake by either his secretary or the process server. The process server was contacted by the secretary for Powe's counsel on Friday, December 1, 2000, but did not serve process until Monday December 4, 2000.  After the running of the 120 day deadline for service on December 1, Powe could have refiled another complaint, but chose not to do this; instead she waited until the Original Complaint was dismissed to file the Second Complaint in April 2002.

¶4.    Powe's counsel contends that he directed his secretary to tell the process server to deliver the Original Complaint on December 1, 2000.    The process server was located in Hinds County, Mississippi, and the process was to be served in Quitman, Mississippi.  The process server contends that he was never told to deliver the complaint on December 1, 2000, and did not deliver the complaint until the next business day, which was December 4, 2000. Powe alleges that she did not contact the process server sooner because she was waiting for an expert opinion from an oncologist regarding the merits of the case.  Powe received this

3

opinion on December 1, 2000, at which time the secretary was told to contact the process server and have him deliver the Original Complaint on that day.

¶5.     On April 1, 2002, the circuit court dismissed the Original Complaint without prejudice for failure to serve process within the 120 day time limit, finding that Powe did not show good cause for the failure to serve within the 120 days. Powe filed the Second Complaint on April 1, 2002, which was dismissed with prejudice on September 27, 2002, as barred by the two-year statute of limitations set forth in Miss. Code Ann. § 15-1-36. Powe raises the following issues on appeal:

> I.      The Circuit Court erred by refusing to extend the 120 day period for service of process under Mississippi Rule of Civil Procedure 4(h).
> II.     Mississippi courts have relaxed the application of Mississippi Rule of Civil Procedure 4(h).
> III.    The lower court erred when dismissing the April 1, 2002 complaint.
> IV.     The April 1, 2002 complaint was filed within the statute of limitations pursuant to the discovery rule.

## ANALYSIS

### I.      Mississippi Rule of Civil Procedure 4(h).

¶6.     "A trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed a discretionary ruling . . . and entitled to deferential review on appeal." *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1185 (Miss. 2002) (quoting *Rains v. Gardner*, 731 So. 2d 1192, 1197-98 (Miss. 1999)). "However, a decision to grant or deny an extension of time based upon a question of law will be reviewed de novo." *Id.* Mississippi Rule of Civil Procedure 4(h) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made

4

within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

¶7. Powe argues that the process server was not contacted until the 120th day because of her attorney's attempts to comply with Miss. R. Civ. P. 11. Furthermore, Powe argues that she did not receive an expert opinion about the merits of the case until the 120th day and waited until then to contact the process server in an attempt to comply with Rule 11. However, Rule 11 does not excuse the delay in service because Powe had already filed the Original Complaint. The purpose of Rule 11 is to obtain the attorney's certification that there are good grounds to support pleadings and motions at the time of filing and that they are not interposed for delay. Miss. R. Civ. P. 11(a).

¶8. Powe relies on *Holmes*, which stated:

> "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

*Holmes,* 815 So. 2d at 1186 (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §1137, at 342 (3d ed. 2000)). In *Holmes*, this Court held that a plaintiff's good faith negotiations with the defendant did not constitute good cause for failure to timely serve process. *Id.* at 1187. In ruling on the matter we stated that, "Holmes makes no claim that he acted diligently in attempting to effect service of process. Reliance on indefinite good faith negotiations clearly subverts the purpose of Rule 4(h), which is to bring claims to a court for judicial review in a timely manner." *Id.*

¶9.    *Holmes* does not support Powe's argument that she acted with good cause. In *Holmes*, the plaintiff at least tried to serve process on the defendant a day after the complaint was filed by mailing the process.  *Id.* at 1185.  Powe waited until the last day of the 120 day period to contact the process server, and process was not served.  These actions do not constitute diligence in effecting service.

¶10.    This Court has stated that, "to establish good cause the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance or the rules usually does not suffice." *Watters v. Stripling*, 675 So. 2d 1242, 1243 (Miss. 1996) (quoting *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993)).  Also, inability to refile the suit because of a statute of limitations bar does not preclude dismissal. *Watters,* 675 So. 2d at 1244.

¶11.    This Court has set a high standard for establishing good cause.  In *Perry v. Andy*, 858 So. 2d 143 (Miss. 2003), this Court held that pro se litigants who defectively served process on a defendant by handing him a copy of the complaint, and who later served process correctly 7 days after the 120 days were up, did not show good cause, thereby affirming the trial court's dismissal. *Id.* at 149.  Like Powe, the Perrys' case was barred by the statute of limitations, but nevertheless the Court still held that dismissal was proper.  If pro se litigants are expected to strictly comply with the 120 day limit, then surely litigants represented by attorneys must be held to the same standard.  Unlike in *Perry*, where there was defective service of process, Powe failed to serve the defendant at all.  "There is an obvious distinction between total want of service of process and a defective service of process." *Id.* at 145 (citing *Harrington v.*

*Wofford*, 46 Miss. 31, 41 (1871)).  The defendant has no notice of the suit when there is no service; defective service at least gives the defendant notice.  *Id.*

¶12.   Powe further argues that the Court of Appeals relaxed the application of Miss. R. Civ. P. 4(h) when ruling on *King v. Am. RV Ctrs., Inc.*, 862 So. 2d 558 (Miss. Ct. App. 2003).  In *King*, although the original complaint was not timely served, an amended complaint was filed and served within the applicable statute of limitations period.  *Id.* at 561.  The Court of Appeals found in *King* that the amended complaint was essentially another complaint that did not make any reference to the other complaint and, had it been titled "complaint" rather than "amended complaint," there would not have been an issue.  *Id.* at 562.  After the 120 days, Powe did not file any other complaint before the statute of limitations period ended.

¶13.   This Court finds that the circuit court did not err in ruling that Powe failed to show good cause for lack of timely service.  Powe's reliance on *Holmes* and *King* is misplaced. *King* involved an amended complaint being filed within the statute of limitations, and *Holmes* involved defective service of process with an ultimate decision that good faith negotiations do not constitute good cause.  We find that waiting until the last day to serve process on a defendant does not constitute good cause.  Powe knew that it was of the utmost importance to have the process served on or before that day and did not accomplish same.  For these reasons, the circuit court did not err in holding that Powe failed to show good cause for her delay in serving process.

   **II.  The discovery rule; Miss. Code Ann. § 15-1-36.**

7

¶14. The standard of review in Mississippi of questions of law is de novo. *Miss. Transp. Comm'n v. Fires*, 693 So. 2d 917, 920 (Miss. 1997). The "application of a statute of limitations is a question of law." *Sarris v. Smith*, 782 So. 2d 721, 723 (Miss. 2001).

¶15. Medical malpractice claims must be filed "within two years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered." Miss. Code Ann. § 15-1-36(1) (Rev. 2003). Powe argues that the statute of limitations period had not ended because it was not discovered that the doctor's negligence might have caused Cecil's death until Powe received the expert opinion on December 1, 2000.

¶16. For purposes of the discovery rule, the two-year period begins to run when "the patient can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the medical practitioner." *Sarris*, 782 So. 2d at 723 (quoting *Smith v. Sanders*, 485 So. 2d 1051, 1052 (Miss. 1986)).

¶17. This Court rejects Powe's argument that the statute of limitations did not start running until December 1, 2000 (the day Powe received the expert opinion). Cecil received treatment for gasritis and hemorrhoids for approximately two years from the Medical Group Clinic; he eventually discovered in March of 1998 that his problems were far worse than expected and that he had colon cancer. Powe's second complaint was filed on April 1, 2002, more than 4 years after Cecil was diagnosed with cancer, and approximately three and a half years after his date of death on August 10, 1998. Powe argues that the statute of limitations did not begin to run until December 1, 2000; however, the complaint was filed on August 3, 2000. This Court finds this argument to be disingenuous and without merit.

**III. Savings statute of Miss. Code Ann. § 15-1-69.**

¶18.    According to §15-1-69:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, *or for any matter of form*, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

Miss. Code Ann. § 15-1-69 (Rev. 2003) (emphasis added). Powe argues that dismissal based on failure/insufficiency to serve process is a matter of form under this savings clause. This Court finds that Powe is procedurally barred from raising this issue on appeal since there is no mention of this statute in the record from the circuit court. *Wilcher v. State*, 479 So. 2d 710, 712 (Miss. 1985).

## CONCLUSION

¶19.    The trial court correctly held that Powe failed to show good cause for her failure to timely serve the defendant in her first lawsuit. Further, the trial court did not err by holding

9

that Powe's second complaint was barred by the statute of limitations. Therefore, we affirm both judgments of the Clarke County Circuit Court.

¶20. **AFFIRMED.**

**SMITH, C.J., COBB, P.J., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. WALLER, P.J., DIAZ AND GRAVES, JJ., NOT PARTICIPATING**.