# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-00875-SCT

*DOUGLAS LONG, RICHARD LONG, EARL LONG, AND THE HEIRS AT LAW OF EDWARD LONG, WHO ARE JOYCE LONG, INDIVIDUALLY, CRYSTAL LONG, A MINOR, EDWARD LONG, JR., A MINOR, AND CHRISTOPHER LONG, A MINOR, WHO ARE ALL REPRESENTED BY THEIR MOTHER AND NATURAL GUARDIAN, JOYCE LONG; THE HEIRS AT LAW OF DAVID LONG, WHO ARE JOHN COLBY LONG, A MINOR, REPRESENTED BY HIS MOTHER AND NATURAL GUARDIAN, TERI LONG SCARBOROUGH, AND COREY LONG*

*v.*

*MEMORIAL HOSPITAL AT GULFPORT AND THOMAS VAUGHAN, M.D.*


| | |
|---|---|
| DATE OF JUDGMENT: | 04/28/2006 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | WILLIAM B. WEATHERLY |
| ATTORNEYS FOR APPELLEES: | PATRICIA K. SIMPSON |
| | GAYE NELL CURRIE |
| | LYNDA C. CARTER |
| | NICOLE C. HUFFMAN |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 10/11/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE WALLER, P.J., EASLEY AND CARLSON, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    Lori McKinney filed a medical malpractice lawsuit against Memorial Hospital at Gulfport on behalf of herself and all the wrongful death beneficiaries of Huey P. Long in the First Judicial District of the Circuit Court of Harrison County, Mississippi, on October 17, 2002.  She caused no summons to issue from the circuit court in relation to this filing.  *See* Miss. R. Civ. P. 4(a).  The next day, Douglas Long, Edward P. Long and Richard Long, without knowledge of the McKinney suit, filed a malpractice lawsuit based on the same event in the same court.  They caused no summons to issue from the court at that time.  This complaint was amended shortly thereafter to add Earl Long as a plaintiff.  Again, no summons issued from the circuit court.  Upon discovering the McKinney lawsuit, the Longs moved the circuit court to consolidate the actions.  Initially, the circuit court denied consolidation and dismissed the Long action. Upon reconsideration, the court reversed its decision, granting consolidation and allowing the Longs to participate in the McKinney suit. The circuit court, again on reconsideration, ultimately denied the motion to consolidate and dismissed the Long complaint.

¶2.    The interlocutory appeal from this judgment took the form of ***Long v. McKinney***, 897 So. 2d 160 (Miss. 2004).  This Court held that subsequent filings in wrongful death actions shall be dismissed, effectively affirming the circuit court's denial of consolidation and dismissal of the Long lawsuit.  The opinion reversed the portions of the circuit court's order allowing McKinney and her counsel sole control of the proceedings on behalf of the plaintiffs and prohibiting participation by counsel for the Longs.  ***Id.*** at 173-74, 178.  The

mandate of this opinion from this court issued April 14, 2005, directing the matter be remanded to the circuit court for further proceedings.

¶3.    On June 3, 2005, a summons for Memorial Hospital issued from the circuit court and was served three days later on Memorial Hospital's registered agent for process. The Longs then filed an Amended Complaint on July 26, substituting Thomas Vaughan, M.D., for a John Doe defendant.[1] Summons for Vaughan issued the same day. Memorial Hospital filed a motion to dismiss on August 4, and its Answer on August 8, 2005. On November 23, the circuit court granted the Longs an extension of time to serve process on Vaughan. Service was accomplished on Vaughan on January 5, 2006. The circuit court granted Memorial Hospital's motion to dismiss, without prejudice, on January 9. Vaughan filed a motion to dismiss on February 7, along with his Answer. The court denied reconsideration of its order dismissing Memorial Hospital, and granted Vaughan's motion to dismiss, with prejudice. It is from these orders that the Longs now appeal.[2]

---

[1]The Estate of Huey P. Long is not listed as a plaintiff in the amended complaint. *See Long*, 897 So. 2d at 175. Lori McKinney is listed as a plaintiff in the style of this complaint but identified as a defendant within.

[2]The absence of Lori McKinney from the style of this appeal bears mention. McKinney's counsel withdrew shortly after remand, and she appears to be acting pro se. Although her name appears as a plaintiff in the style of the original and amended complaints, she is described within the amended complaint as a defendant. The amended complaint was filed by counsel for the Longs after her own counsel withdrew.

McKinney's status as a party to this appeal is not clear from the record. She identifies herself as a wrongful death beneficiary of Huey Long, yet counsel specifically excluded her name from the notice of appeal from these dismissals. The named plaintiff and counsel of record are directed to act on behalf of all interested parties as fiduciary. *See Long*, 897 So. 2d at 169.

## FACTS

¶4.     The pertinent facts are uncontested. Huey P. Long died on October 8, 2002. Lori McKinney filed this medical malpractice action against Memorial Hospital at Gulfport on October 17, 2002. On September 19, 2003, this Court entered an order granting interlocutory appeal, stating the statute of limitations would be tolled during the pendency of the appeal and imposing a stay on the proceedings. This matter was remanded on April 15, 2005. No summons issued for Memorial Hospital until June 3, 2005. Process was served on Memorial Hospital three days later. The plaintiffs then filed an Amended Complaint naming Thomas Vaughan, M.D., as a defendant. Summons for Vaughan issued July 26, 2005, and was served on January 5, 2006. The trial court granted Memorial Hospital's motion to dismiss for the plaintiffs' failure to serve process upon it within 120 days of filing the lawsuit. The court later granted Vaughan's motion to dismiss.

## STANDARD OF REVIEW

¶5.     This Court leaves to the discretion of the trial court the finding of fact on the existence of good cause or excusable neglect for delay in serving process under Rule 4(h). Where such discretion is abused or is not supported by substantial evidence, this court will reverse. However, where the trial court's judgment involves the interpretation of legal principles, this court will conduct a de novo, or plenary, review of its interpretation, and reverse where it finds the trial court in error. *Bennett v. McCaffrey*, 937 So. 2d 11, 14 (Miss. 2006). *See also Montgomery v. Smithkline Beecham*, 910 So. 2d 541, 544-45 (Miss. 2005); *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1185 (Miss. 2002).

4

**DISCUSSION**

¶6.    The circuit court's judgment dismissing Memorial Hospital without prejudice relied upon the facts that (1) neither McKinney nor the Longs caused a summons to issue from the circuit court or process to be served upon Memorial Hospital until almost three years after the filing of the original complaint, (2) no extension of time was requested or granted, and (3) there was no evidence Memorial Hospital attempted to evade service of process. The circuit court's order dismissing Vaughan found the statute of limitations barred the claims against him. We find the circuit court's judgment dismissing Memorial Hospital is supported by substantial evidence and it is, therefore, affirmed. For the reasons discussed below, we reverse the summary judgment granted in favor of Vaughan and remand this matter for further proceedings.

> I.    **WHETHER THE CIRCUIT COURT ERRED IN DISMISSING THE CLAIMS AGAINST MEMORIAL HOSPITAL AT GULFPORT.**

¶7.    The Longs argue the circuit court erred in granting Memorial Hospital's motion to dismiss because (1) it applied a strict rule that the complete failure to attempt service before the expiration of 120 days warranted dismissal, (2) the circuit court's orders forming the basis of the first appeal prohibited the Longs from having the McKinney complaint properly and timely served until after this Court's April 14, 2005, mandate on the first appeal, and (3) the circuit court's order dismissed the entire action, not simply the claims against Memorial Hospital. Memorial Hospital and Vaughan respond that the circuit court correctly applied Rule 4(h) to dismiss Memorial Hospital because good cause cannot be shown where no

5

summons issued and no attempt to serve process occurred before June 6, 2005. They further contest the Longs's arguments that the court's rulings prohibited the Longs from serving process and the circuit court erred in dismissing the entire matter. Finally, Memorial Hospital argues that the circuit court did not have subject matter jurisdiction over it due to the fact that McKinney failed to comply with the Mississippi Tort Claims Act before filing the lawsuit against it, and all claims against it are now barred by the one-year statute of limitations found in the Tort Claims Act.

¶8.     At the outset, it must be observed that the Longs failed to name Memorial Hospital as a defendant to their own lawsuit. In fact, only fictitious parties were named as defendants. The Longs are now attempting to obtain relief by arguing that the McKinney complaint, which named Memorial Hospital as a defendant, should not have been dismissed for failure to serve process.

¶9.     Rule 4(h) of the Mississippi Rules of Civil Procedure requires a summons and a copy of the complaint to be served upon a defendant "within 120 days after the filing of the complaint." If this is not done, the party responsible for service must show "good cause why such service was not made within that period," otherwise "the action shall be dismissed as to that defendant without prejudice." Miss. R. Civ. P. 4(h). In applying this rule within its order dismissing Memorial Hospital, the circuit court concluded, "As a matter of law, a plaintiff can never demonstrate good cause and diligence where no attempt to serve process was made." In reaching this conclusion, the court quoted and paraphrased *Montgomery v. Smithkline Beecham Corp.*: "'Good cause' can never be demonstrated where the plaintiff

6

has not been diligent in attempting to serve process." ***Montgomery***, 910 So. 2d 541, 545 (Miss. 2005) (citing ***Bang v. Pittman***, 749 So. 2d 47, 52 (Miss. 1999)).

¶10.    The Longs argue that Mississippi case law allows good cause to be shown in absence of any attempt to serve process, contrary to the absolute rule stated by the trial court, and that good cause existed due to the previous orders of the circuit court granting dismissal of their suit.   This Court in ***Powe v. Byrd*** examined a situation where a plaintiff made little, if any, effort to serve process on a defendant within the time allowed by Rule 4.  ***Powe***, 892 So. 2d 223 (Miss. 2004).  There, a plaintiff filed a medical malpractice action one week before the two-year anniversary of the death of the injured party.  The process server was not instructed by plaintiff's counsel to attempt to serve process on the defendant until the final day for service under Rule 4.  Service was not accomplished until after the time for service expired. ***Id.*** at 225.  When the trial court dismissed the original action without prejudice, the plaintiff filed a second complaint.  The trial court ruled the action stated by the second complaint to be time-barred and dismissed it with prejudice.  ***Id.***  This Court considered the plaintiff's claims that she waited for an expert's opinion as to the merits of her action before attempting service.  It affirmed the circuit court's judgment, stating "We find that waiting until the last day to serve process on a defendant does not constitute good cause.  Powe knew that it was of the utmost importance to have the process served on or before that day and did not accomplish same." ***Id.*** at 227.

¶11.    Other, similar cases include ***Bacou-Dalloz Safety, Inc. v. Hall***, 938 So. 2d 820 (Miss. 2006) (this Court considered and found good cause lacking in plaintiff's two attempts at

7

service: the first attempt at service of original complaint was made by certified mail upon out-of-state corporation at the wrong address and attempted only once within 120-day period; the second attempt at service occurred long after 120-day period expired); *Triple "C" Transport, Inc. v. Smith*, 870 So. 2d 1195 (Miss. 2004) (this Court affirmed dismissal where the plaintiff's complete failure to attempt service on a defendant due to an identification problem with a co-defendant did not amount to good cause or excusable neglect); and *Holmes v. Coast Transit Authority*, 815 So. 2d 1183 (Miss. 2002) (this Court considered whether ongoing settlement negotiations constituted good cause for failure to serve, and ruled in favor of dismissal where plaintiff's first attempt at service was improper and no further attempts to serve within 120 days followed).

¶12. We agree with the Longs that there is no concrete rule in Mississippi law that good cause automatically will be found lacking when a plaintiff completely fails to cause a summons to issue for a defendant or does not attempt at all to serve a defendant within 120 days of the filing of her lawsuit. This Court's precedent indicates the reasons offered to demonstrate diligence in light of the failure to serve will be, and should be, reviewed even where the plaintiff's attempts at service are negligible or nonexistent. Even the cases offered by Memorial Hospital and Vaughan for the rule that such a review is unnecessary demonstrate this Court will at least examine the reasons offered before finding them insufficient.

¶13. The circuit court's order approximates, but ultimately misstates, the rule in *Montgomery* and *Bang*. In *Montgomery*, this Court stated and applied the rule that it will

8

consider the plaintiff's diligence and, finding it lacking, will never find good cause. ***Montgomery***, 910 So. 2d at 545, 547-48. In ***Bang***, this Court applied the same procedure to the same result. ***Bang***, 749 So. 2d at 51-52. In both cases, summons issued before the expiration of time to serve, so these cases only suggest the resolution of the issue. On the other hand, in this case, the circuit court simply asked whether the plaintiff attempted service of process and, finding no evidence of an attempt, found no good cause existed. The court's order granting dismissal does not reflect due consideration of the reasons offered by the Longs for their failure. Rather, it appears as if the trial court's analysis simply relied upon its incorrect paraphrase of the rule from ***Montgomery***. Since we agree that the Longs's reasons for their failure to serve process must be examined, they are examined below.

*Good cause analysis*

¶14.    The Longs offer this matter's winding procedural history and the restrictions to their participation to show good cause why service of process was not completed on Memorial Hospital until almost three years after Huey Long's death. The transcript of the hearing demonstrates the Longs offered to the circuit court many of the same reasons for failing to serve Memorial Hospital as they now offer on appeal. A review of that history, coupled with a discussion of the law, follows.

¶15.    Lori McKinney filed her lawsuit against Memorial Hospital on October 17, 2002. She gave notice of claim to Memorial Hospital the same day she filed her lawsuit, contrary to

9

Mississippi law.[3]  Miss. Code Ann. § 11-46-11(1) (Rev. 2002); *Univ. Med. Center v. Easterling*, 928 So. 2d 815 (Miss. 2006) (requiring a plaintiff to wait the required number of days before filing tort claims suit; if suit is filed too early, this Court requires dismissal); *Wright v. Quesnel*, 876 So. 2d 362 (Miss. 2004).  *But see* *City of Pascagoula v. Tomlinson*, 741 So. 2d 224 (Miss. 1999) (suit filed two weeks after notice of claim was not dismissed; prior interpretations of Tort Claims Act found appropriate remedy to early filing of lawsuit was request for stay by defendant, not dismissal).  Mississippi law now requires strict compliance with the ninety-day notice requirement in the Mississippi Tort Claims Act.  Miss. Code Ann. § 11-46-11(1); *Easterling*, 928 So. 2d at 819.  Even if we were to apply the rule from *Tomlinson* to the facts before us, McKinney still failed to timely serve Memorial Hospital, and this failure is binding on the Longs.

¶16.    Applying the holding of the first appeal of this matter, the Long lawsuit, filed the day after the McKinney lawsuit, was of no effect at the moment of its filing.  *Long*, 897 So. 2d 174.  This matter proceeded under the McKinney complaint with McKinney acting as fiduciary for the Longs's claims.  McKinney was free to effect service on Memorial Hospital during the interval between filing her complaint and the interlocutory appeal.  The Mississippi Tort Claims Act gives a governmental entity defendant ninety days from the filing of a notice of claim to consider the claim before a lawsuit can be maintained.  Miss.

---

[3]It is assumed by both parties that Memorial Hospital at Gulfport is a governmental entity covered by the Mississippi Tort Claims Act, even though there has been no finding to that effect below.

Code Ann. § 11-46-11(1) (Rev. 2002). Assuming, for argument's sake, the circuit court entered a stay in the McKinney suit for ninety days after the date Memorial Hospital received the notice of claim, McKinney had 120 days from January 17, 2003, to effect service upon Memorial Hospital. Applying this assumption, the period for service of process of the original complaint on Memorial Hospital ended May 17, 2003. Throughout this time, both McKinney and the Longs had the benefit of counsel. No court order encumbered McKinney's ability to serve process.

¶17. Participation by the Longs's counsel was prohibited by the circuit court's orders, except for a period beginning February 6 and ending March 24, 2003. The Longs offer no reason why McKinney could not have served process on Memorial Hospital between January and May of 2003, or requested more time for service from the circuit court. We find the Longs's arguments concerning their inability to act on the McKinney complaint to be without merit. They failed to sue Memorial Hospital themselves. Since they chose to seek relief from dismissal under the McKinney complaint, they have bound themselves to the choices and inaction of McKinney. As a consequence, they share the same fate with respect to Memorial Hospital.

¶18. Another basis for the Longs's claim that good cause exists to justify the failure to serve process on Memorial Hospital is the strained relationships between McKinney and her counsel and the Longs and their own. This court's holding on interlocutory appeal assumes McKinney acted as a fiduciary during this time, therefore, strained relationships between co-plaintiffs and their counsel do not constitute good cause to warrant relief from dismissal.

11

Regardless of whether the co-plaintiffs were on amicable or hostile terms, McKinney, as fiduciary for all interested parties and as the only party with the standing to use the court's powers to prosecute this suit, was responsible for service of process and simply neglected to complete this task within the time allowed. There is nothing in the record before the Court to explain this neglect.

¶19. Finally, although the Longs filed their petition for interlocutory appeal on April 21, 2003, the filing of a petition for interlocutory appeal does not stay the proceedings of the circuit court unless this court enters an order to that effect. Miss. R. App. P. 5(f). This Court did not enter such a stay until September 19, 2003, well after the time for service elapsed. Therefore, there is no evidence in the record to show good cause or excusable neglect why McKinney failed to serve process on Memorial Hospital between the time she filed her complaint and when this Court entered the order granting the interlocutory appeal. McKinney acted as fiduciary for the Longs, so they share the penalty for her failure. The circuit court's findings that (1) McKinney did not cause process to issue for Memorial Hospital, (2) McKinney did not ask for an extension of time to serve Memorial Hospital, and (3) Memorial Hospital did not attempt to evade process are supported by substantial evidence. Its judgment finding that good cause did not exist for McKinney's failure to serve process is not an abuse of discretion and is affirmed.

¶20. The Longs raise one final argument concerning the dismissal of Memorial Hospital. They contend the dismissal of Memorial Hospital did not dismiss the entire action. This issue does not affect the merits of the dismissal of Memorial Hospital, but it does concern the

12

way the circuit court treated the dismissal of Vaughan. The court's order of dismissal for Memorial Hospital states, "the subject complaint is dismissed without prejudice." (Emphasis added). Its order dismissing Vaughan found the amended complaint to be a "new cause of action."

¶21. The circuit court's order dismissing Memorial Hospital did not properly dismiss the entire action, as two fictitious parties, surgeon John Doe 1 and anesthesiologist John Doe 2, remained as unidentified defendants. One of the benefits of Rule 9(h) is to allow a plaintiff, who is aware of his cause of action against a defendant but ignorant of the defendant's identity, to name a fictitious party as a defendant in order to use the court's resources to discover her true identity. *See, e.g., **Veal v. J.P. Morgan Trust Co. N.A.**,* 955 So. 2d 843, 845-46 (Miss. 2007); ***Rawson v. Jones**,* 816 So. 2d 367, 369 (Miss. 2001). To dismiss the entire action, when only the identified parties are dismissed and the complaint articulates claims against fictitious parties whose identity can be discovered, is to deprive a plaintiff of this benefit. Therefore, the circuit court erred in dismissing the entire action when dismissing Memorial Hospital.

¶22. This conclusion does not result in any change in the outcome of the dismissal of Memorial Hospital. We also note that the authority relied upon by the circuit court to treat the amended complaint as a new cause of action, ***King v. American RV Centers, Inc.**,* 862 So. 2d 558 (Miss. Ct. App. 2003), has been criticized and overruled by this court and should be treated on remand with appropriate circumspection. ***Wilner v. White**,* 929 So. 2d 315 (Miss. 2006).

¶23. In summary, the circuit court's judgment dismissing Memorial Hospital due to McKinney's failure to timely serve process is supported by substantial evidence and is affirmed. The circuit court's January 9, 2006, order dismissed Memorial Hospital "without prejudice." This result was not changed when the circuit court reconsidered dismissal. This is the result anticipated by Rule 4, therefore, the court's analysis ends here with respect to Memorial Hospital.

¶24. The circuit court dismissed Vaughan after considering his affidavit and those of the Longs and their counsel. Under the circumstances, the circuit court was presented a question of Mississippi law when examining a motion for summary judgment. Miss. R. Civ. P. 12(b); 56. We apply a de novo review to questions of law presented on summary judgment. *Veal*, 955 So. 2d at 845; *City of Jackson v. Perry*, 764 So. 2d 373, 375 (Miss. 2000).

## II. WHETHER THE CIRCUIT COURT ERRED IN DISMISSING THE CLAIMS AGAINST VAUGHAN.

¶25. The Longs offered two reasons to the circuit court why they substituted Vaughan as a defendant almost three years after McKinney filed her original complaint: (1) the language within and the effect of this Court's order granting interlocutory appeal and (2) the tolling provided by Rule 9(h) and the relation back of the amended complaint to the filing of the original complaint under Rule 15(c). They now present these same arguments as grounds for finding the circuit court erred in dismissing Vaughan. Vaughan responds by arguing the amended complaint does not relate back to the filing of the original complaint, and this

14

Court's orders did not operate to toll the statute of limitations against him, as this Court had no personal jurisdiction over him when they were entered.

¶26. The circuit court treated the amended complaint as a new cause of action, having dismissed the original complaint for lack of service of process on motion by Memorial Hospital. The court then found the statute of limitations barred the action against Vaughan because "the statute of limitations on any claim of medical negligence is barred after the passage of two (2) years from the date of injury." The circuit court appears to have addressed the Longs's arguments concerning the effect of this Court's order only on interlocutory appeal. The issue of the effect of the circuit court's orders and our interlocutory appeal order is dispositive, therefore, we will examine only this argument. We find the circuit court's judgment dismissing Vaughan to be in error, and therefore reverse its judgment as to Vaughan and remand this matter for further proceedings.

¶27. A suit to recover for damages caused by medical malpractice must be filed "within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered, in no event more than seven (7) years after the alleged act, omission or neglect occurred. . . ." Miss. Code Ann. § 15-1-36 (Rev. 2003). This two-year period begins to run when "the patient can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the medical practitioner." *Powe*, 892 So. 2d at 227 (quoting *Smith v. Sanders*, 485 So. 2d 1051, 1052 (Miss. 1986)). Section 15-1-57 of the Mississippi Code provides:

15

> Where any person shall be prohibited by law, or restrained or enjoined by order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter from the commencement of such action.

Miss. Code Ann. § 15-1-57 (Rev. 2003).

¶28. Regardless of the validity of this Court's interlocutory appeal order which stayed the proceedings and tolled the statute of limitations, the Legislature provided a savings measure which removes the period of time a party is prohibited from prosecuting her claim from computation under the applicable statute of limitations. The Longs were restrained by orders of the circuit court from prosecuting their claims against the fictitious party defendants identified in their lawsuit when the circuit court dismissed those claims. They were similarly prohibited from prosecuting their claims under the McKinney complaint by the same circuit court orders. This Court's order granting interlocutory appeal stayed the proceedings in both lawsuits and provided that the statute of limitations would be tolled for the duration of the appeal. According to the savings measure provided by the statute, the time the Longs were prohibited from prosecuting their claims by the orders of this Court and the circuit court is not included in the computation of time allowed to file suit under the medical malpractice statute of limitations.

¶29. On remand after the interlocutory appeal, the Longs were no longer prohibited from prosecuting their claims, and the statute of limitations began to run once again. The record reflects the Longs named Vaughan as a defendant just over three months after remand and served process upon him within ten months after remand. The McKinney complaint was

16

active for eleven months before the interlocutory appeal order was entered. The time allowed by the medical malpractice statute of limitations had not yet expired when Vaughan was served with the amended complaint. The circuit court erred in dismissing Vaughan as a defendant. Therefore, the judgment of the circuit court as to Vaughan is reversed, and this matter remanded for further proceedings.

¶30. We recognize that the courts of this state have no power to extend statutes of limitations beyond their terms. *See Shewbrooks v. A.C. & S., Inc.*, 529 So. 2d 557, 564 (Miss. 1988). Nothing in this Court's opinion should be read to support a contrary conclusion. However, the order of this court did restrain the Longs's ability to prosecute their claims, and under those circumstances it is the Legislature and its statute, not this body, which exempts the time from calculation under the malpractice limitations statute. We do not anticipate that conflicts of this nature, between co-plaintiff parties in a wrongful death action–one of which has access to medical records and excludes the others, will occur in the future.

### III. WHETHER EQUITABLE PRINCIPLES SUCH AS EQUITABLE TOLLING APPLY TO PRESERVE THE LONGS'S CLAIMS AGAINST MEMORIAL HOSPITAL AND/OR DR. VAUGHAN IN LIGHT OF THE PROCEDURAL HISTORY AND THE REASONING OF *LONG V. McKINNEY*, 897 So. 2d 160 (Miss. 2004).

¶31. The Longs finally argue that this court should hold the statute of limitations to be equitably tolled from the time their participation in the McKinney lawsuit was restricted by the circuit court until remand of this matter. Memorial Hospital and Vaughan respond by arguing that equitable tolling does not apply to either of them because they took no steps to

17

prevent the filing of the lawsuit and are not responsible for the conflicts between McKinney and the Longs.

¶32. The circuit court dismissed Memorial Hospital "without prejudice" and without considering whether the statute of limitations now bars McKinney's claims against Memorial Hospital. This ruling on the issue disposed of the motion and granted the relief requested. Under the circumstances, we will not address this issue as it is not properly before us.

¶33. Since we are reversing the circuit court's order dismissing Vaughan and remanding for further proceedings, this issue is moot with respect to Vaughan.

## CONCLUSION

¶34. The circuit court was correct in dismissing Memorial Hospital without prejudice, because there exists no good cause in the record for McKinney's complete failure to serve process on it. The circuit court erred in dismissing Vaughan with prejudice because the Longs were restrained from prosecuting their claims by the orders of the circuit court and this Court. This time, by statute, is not included within the computation of time under the medical malpractice statute of limitations. The Longs timely named Vaughan as a defendant and served process upon him before the period under the malpractice statute of limitations expired. Therefore, the judgment of the circuit court dismissing Vaughan is reversed, and this matter remanded for further proceedings.

¶35. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**SMITH, C.J., EASLEY, CARLSON, DICKINSON AND LAMAR, JJ., CONCUR. DIAZ, P.J., CONCURS IN RESULT ONLY. GRAVES AND RANDOLPH, JJ., NOT PARTICIPATING.**

18