956 So.2d 1103 (2007)
Charlotte DAVIS, Appellant
v.
SOUTH SUNFLOWER COUNTY HOSPITAL, Appellee.
No. 2006-CA-00049-COA.
Court of Appeals of Mississippi.
May 22, 2007.
Brandon Isaac Dorsey, Johnnie E. Walls, Greenville, Attorneys for Appellant.
*1104 Jason Edward Dare, Greenville, L. Carl Hagwood, Jackson, Attorneys for Appellee.
Before LEE, P.J., BARNES and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Charlotte Davis filed a complaint alleging medical malpractice. The Sunflower County Circuit Court dismissed her compliant for failure to timely serve process. Finding no error, we affirm.

FACTS
¶ 2. On November 23, 2003, Davis was admitted to South Sunflower County Hospital for the purpose of child birth. Her subsequent medical malpractice claim was based upon a procedure performed during her November admission. Notice of intent to file suit was sent to the Hospital on November 18, 2004. On January 4, 2005, the Hospital provided Davis its denial of her claim.
¶ 3. On February 18, 2005, Davis filed her action against the Hospital, her physician, and other unknown parties. Summons was issued for each defendant on the day of this filing. The address of the Hospital was correctly identified in her filing. On Thursday, June 16, 2005, 118 days after the compliant was filed, counsel for Davis hand delivered a copy of the compliant, summons and discovery requests to the Sunflower County Sheriff's Department to be served upon the Hospital. The Hospital was not served with process until July 27, 2005. Davis claims that she did not learn of this failure to timely serve the Hospital until July 31.
¶ 4. On August 4, 2005, the Hospital filed a motion to dismiss the complaint, arguing in part that Davis had failed to serve the Hospital within 120 days from the date the complaint was filed. The Sunflower County Circuit Court heard oral arguments on the Hospital's motion to dismiss. The trial court entered an order granting the Hospital's motion to dismiss the complaint on December 19, 2005. The trial court also dismissed the action against the physician named in the complaint. The dismissal of the physician was accomplished by the trial court sua sponte because, as of December 19, the physician had not yet been served with process and Davis had not requested an extension.
¶ 5. Aggrieved by the decision of the trial court to dismiss her complaint against the Hospital, Davis timely appealed. Her appeal has been assigned to this Court.

DISCUSSION
¶ 6. The sole issue presented in this appeal is whether Davis adequately demonstrated good cause for the untimely service of process. Davis concedes that she "indirectly failed to serve Appellees with process within the prescribed 120 day period." However, she argues that this was solely because of the negligence of the process server, the Sunflower County Sheriff's Department. Davis relies on case law in arguing that good cause is likely to be found when failure to complete timely service is the result of the conduct of a third person, typically a process server. Kersh v. Derozier, 851 F.2d 1509 (5th Cir. 1988). The relevant issue presented in Kersh concerned what constituted "good cause" for failure to timely serve process under Federal Rule of Civil Procedure 4(j). There, the United Stated Court of Appeals for the Fifth Circuit held that a "district court erred in denying [a defendant's] motion to dismiss for insufficient service of process" because good cause was not shown where a pro se litigant was ignorant of the requirements under Rule 4(j). Kersh, 851 F.2d at 1512.
¶ 7. In Mississippi, the finding of a trial court concerning whether or not there *1105 was good cause for delay in serving process is a discretionary ruling. Montgomery v. SmithKline Beecham Corp., 910 So.2d 541, 544(¶ 9) (Miss.2005); Powe v. Byrd, 892 So.2d 223, 225(¶ 6) (Miss.2004). Such rulings are entitled to a deferential review on appeal. Id. The specific provision at issue is Mississippi Rule of Civil Procedure 4(h), which provides:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
¶ 8. Good cause is established when a plaintiff demonstrates "as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance or the rules usually does not suffice." Powe, 892 So.2d at 226(¶ 10) (quoting Watters v. Stripling, 675 So.2d 1242, 1243 (Miss.1996) (citation omitted)). In Montgomery, the supreme court stated:
"Good cause" can never be demonstrated where plaintiff has not been diligent in attempting to serve process. Bang v. Pittman, 749 So.2d 47, 52 (Miss.1999). In demonstrating good cause and diligence, a plaintiff must show that he or she has been unable to serve process because the defendant evaded process or engaged in misleading conduct, or for some other acceptable reason, as discussed in [Holmes v. Coast Transit Auth., 815 So.2d 1183, 1186 (Miss. 2002)].
Montgomery, 910 So.2d at 545(¶ 13).
¶ 9. In Powe, the supreme court distinguished from the acceptable reasons mentioned in Holmes a situation where a plaintiff "waited until the last day of the 120 day period to contact the process server, and process was not served." Powe, 892 So.2d at 226(¶ 9). The supreme court held that the circuit court did not err in holding that Powe failed to show good cause for her delay in serving process because Powe's actions "do not constitute diligence in effecting service." Id.
¶ 10. In the present case, the trial court found that Davis violated the 120 day provision of Rule 4 and failed to show good cause for the delay. The trial court stated that Davis could have reasonably foreseen that the sheriff's department would need more than two days to properly serve the Hospital, and that it was unreasonable for Davis to wait until the last minute to attempt service of process. We note that the record does not demonstrate, nor has Davis argued, that the process server was expressly informed that process would need to be served within two days in order to be timely served.
¶ 11. We apply the reasoning in Powe and Montgomery to the present case and find that they support the reasoning of the trial court. We recognize that this holding is an extension of Powe due to Davis delivering process on the 118th day after the complaint was filed, not the last day of the 120 day period as in Powe. However, leaving a process server a two day window to accomplish service of process without receiving some express assurance that process would in fact be served within two days leaves a plaintiff vulnerable to having the complaint dismissed if process is not timely served. The trial court did not commit an abuse of discretion in dismissing the complaint.
¶ 12. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT *1106 COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.