# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-02270-SCT

*SANDRA FAYE FLOYD*

*v.*

*NICKIE FLOYD*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/23/2005 |
| TRIAL JUDGE: | HON. J. LARRY BUFFINGTON |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | SHERRI MURIEL FLOWERS |
| ATTORNEY FOR APPELLEE: | NICKIE FLOYD (PRO SE) |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| DISPOSITION: | REVERSED AND REMANDED - 02/15/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND GRAVES, JJ.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This case comes to this Court on appeal by defendant Sandra Faye Floyd. She appeals from an order of the Chancery Court of Simpson County denying her motion for modification of the custody of their minor child, based upon allegations of abuse and the child's election to live with his mother.

¶2.     We hold that the chancellor erred in failing to include his reasons for rejecting the guardian ad litem's recommendation in the court's finding of fact and conclusions. Accordingly, we reverse and remand for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶3.    On May 16, 2001, the parties, Sandra and Nickie Floyd, received a Final Decree of Divorce on the grounds of irreconcilable differences.  The decree included a Separation and Property Settlement Agreement, which awarded the parties joint custody of their ten-year old child, specifically giving physical custody to Nickie during the week and to Sandra on the weekends and during the summer.  On February 12, 2003, Nickie filed an Amended Motion for Modification requesting that the chancery court restrict Sandra's visitation with their child, based on a substantial and material change in the circumstances of the parties since the original decree was entered.  On July 30, 2003, the court denied the request for modification but upon its own motion modified visitation.  The court's order reduced Sandra's visitation to every other weekend and granted Nickie at least one week of visitation during the summer.

¶4.    On August 2, 2004, Nickie filed a petition to hold Sandra in contempt and a Motion for Emergency and Other Relief, which was based on Sandra's alleged refusal to return their child at the end of the summer and her enrollment of him in another school district.  Sandra subsequently filed a Counter Claim for Contempt and For Modification based on the child's election to live with her and an agreement between the parties which she believes permits the child to choose which school he will attend upon reaching the age of 12.  On August 24, 2004, the chancery court granted Nickie's Motion for Emergency Relief and ordered Sandra to immediately return the child to his father's custody.  The issue of custody was continued for a later hearing.  At this hearing, the chancery court referred this case to the Department of Human Services (DHS) because of allegations of abuse, which were made by the child in a letter to DHS.  On January 10, 2005, the chancery  court, acting on its own motion,

2

appointed a guardian ad litem for the child. On April 6, 2005, the guardian ad litem filed his report with the chancellor, in which the guardian concluded that the child was mature and capable of electing his custodial arrangement and that he desired to live with his mother. On November 23, 2005, the chancery court denied Sandra's Motion for Modification. Feeling aggrieved by this decision, Sandra asserts the following two issues on appeal:

I. **WHETHER THE CHANCELLOR COMMITTED REVERSIBLE ERROR IN RULING CONTRARY TO THE RECOMMENDATIONS OF THE GUARDIAN AD LITEM WHILE FAILING TO LIST AND ADDRESS THE GUARDIAN'S QUALIFICATIONS AND RECOMMENDATIONS.**

II. **WHETHER THE CHANCELLOR ABUSED HIS DISCRETION IN FAILING TO MAKE AN ON-THE-RECORD FINDING OF THE *ALBRIGHT* AND/OR *MARTIN* FACTORS WHEN HE AWARDED CUSTODY OF THE MINOR CHILD TO THE FATHER OVER THE MOTHER**.

### DISCUSSION

¶5. The standard of review in child custody cases is limited. Reversal occurs only if a chancellor is manifestly wrong or applied an erroneous legal standard. ***Powell v. Ayards,*** 792 So. 2d 240, 243 (Miss. 2001). This Court will not reverse a chancery court's factual findings, where there is substantial evidence in the record supporting these findings of fact. ***Cooper v. Crabb***, 587 So. 2d 236, 239 (Miss. 1991).

¶6. Sandra cites ***S.N.C. and J.H.C. v. J.R.D., Jr.*** in support of her argument that the chancellor committed reversible error by failing to address the guardian ad litem's recommendations. ***S.N.C. and J.H.C. v. J.R.D., Jr.***, 755 So. 2d 1077 (Miss. 2000). While ***S.N.C. v. J.R.D., Jr.*** is factually different from the present case, as that case involves the

termination of a party's parental rights, the portion of this decision regarding a chancellor's required findings of fact is applicable to this case. *Id.*

¶7. Courts are required by statute to appoint a guardian in custody cases where allegations of abuse and neglect are made. Miss. Code Ann. § 93-5-23 (Supp. 2006). While the chancellor properly appointed a guardian to investigate the allegations of abuse that were made by the child, he failed to address or include a summary of the guardian's qualifications or recommendations when he rendered the decision to deny modification.

¶8. This Court has held that a chancellor shall at least include a summary review of the recommendations of the guardian in the court's findings of fact when the appointment of a guardian is required by law. *S.N.C. v. J.R.D., Jr.*, 755 So. 2d at 1082. Furthermore, if the court rejects the recommendations of the guardian, the court's findings must include its reasons for rejecting the guardian's recommendations. *Id.* While a chancellor is in no way bound by a guardian's recommendations, a summary of these recommendations in addition to his reasons for not adopting the recommendations is required in the chancellor's findings of fact and conclusions of law. *Id.*, *Hensarling v. Hensarling*, 824 So. 2d 583, 587 (Miss. 2002). As the chancellor's opinion lacked both of these elements, we reverse and remand this issue to the chancery court with instructions to make specific findings with regard to the guardian's report.

¶9. Secondly, Sandra alleges that the chancellor abused his discretion in failing to make on-the-record findings of the *Albright* factors when he awarded custody to Nickie. *Albright v. Albright*, 437 So. 2d 1003, 1005 (Miss. 1983). Sandra cites *Powell v. Ayards* for its

4

holding that a determination of child custody will be held erroneous where a chancellor is not thorough in his discussion, factor by factor, of *Albright*. *Powell*, 792 So. 2d at 249.

¶10.    The polestar consideration in child custody cases is the best interest of the child. *Albright*, 437 So. 2d at 1005.  The test for a modification of child custody is: (1) whether there has been a material change in circumstances which adversely affects the welfare of the child and (2) whether the best interest of the child requires a change of custody.  *Weigand v. Houghton*, 730 So. 2d 581, 585 (1999).  In considering such changes, the chancery court should view the evidence within the totality of the circumstances. *Spain v. Holland*, 483 So. 2d 318, 320 (Miss. 1986).   Once a material change is found, a modification of custody is warranted only if it would be in the best interest of the child.  *Weigand*, 730 So. 2d at 585. In order for this Court to find that a chancellor has not abused his discretion in these matters, there must be sufficient evidence to support his conclusions. *Id.*

¶11.    In *Hayes v. Rounds*, the Court reversed and remanded a custody determination for the chancery court to make specific findings of fact, employing the *Albright* factors. *Hayes v. Rounds*, 658 So. 2d 863, 866 (Miss. 1995).  In doing so, the Court stated:

> While we cannot say that the chancellor's conclusion is so lacking in evidentiary support as to be manifest error, *in the absence of specific findings we cannot affirm with confidence that the best result has been reached.* Because it is unclear how the court found that the best interest of [] was served by placing custody in [], the court alluded to an inappropriate analysis regarding abandonment, and there are no specific findings applying the Albright factors, we conclude that the best course is to reverse and remand this case for the chancellor to provide specific findings of fact and conclusions of law using the Albright analysis. (Citation omitted)(emphasis added).

*Id.* Although the chancery court properly appointed a guardian to investigate the allegations of abuse, the chancellor did not address whether there had been a material change in

5

circumstances or analyze the evidence under the *Albright* factors in denying Sandra's motion for modification of custody. It has been well-established that both of these elements are required when considering a request for modification. *Weigand*, 730 So. 2d at 585; *Smith v. Jones,* 654 So. 2d 480, 486 (Miss.1995). Therefore, we reverse the chancellor's order denying modification and remand this case for the chancellor to provide specific findings of fact, addressing each *Albright* factor.

¶12. Additionally, while the allegations of abuse and neglect as well as the child's election to live with his mother are in the record, the chancellor addressed only the child's election in his order denying a modification of custody. We have held that modification based on alleged abuse requires proof of conduct by the custodial parent that creates a genuine danger to the child. *Robison v. Langford*, 841 So. 2d 1119, 1123-24 (Miss. 2003). We have also held that a child's preference to change custody does not in itself determine that his desired custodial arrangement is in the child's best interest. *Westbrook v. Oglesbee*, 606 So. 2d 1142, 1147 (Miss. 1992). While the chancellor is not bound by the election of a minor child, when declining to follow a child's election, the chancellor is required to make specific findings explaining the reasons for the refusal. Miss. Code Ann. § 93-11-65 (2006). The pertinent portion of this statute states:

> [I]f the court shall find that both parties are fit and proper persons to have custody of the children, and that either party is able to adequately provide for the care and maintenance of the children, the chancellor may consider the preference of a child of twelve (12) years of age or older as to the parent with whom the child would prefer to live in determining what would be in the best interest and welfare of the child. *The chancellor shall place on the record the reason or reasons for which the award of custody was made and explain in detail why the wishes of any child were or were not honored*. (Emphasis added).

6

*Id.*

¶13. In ***Polk v. Polk***, the Court reversed and remanded a custody modification case to further consider this issue, holding that "when the chancellor denies a child his choice of custodial parent under § 93-11-65, then the chancellor must make on-the-record findings as to why the best interest of the child is not served." ***Polk v. Polk***, 589 So. 2d 123, 130 (Miss. 1991). In the present case, the court's order simply acknowledges the child's election and concludes that "the appeallate [sic] Courts have ruled that this could not be the sole basis for a change in custody and that based on the evidence presented that the motion for modification should be denied." This vague finding does not adequately explain the reasons for rejecting the child's election to live with his mother as required by this Court's directive in ***Polk***. Therefore, we remand to the chancery court with specific instructions to address this issue with the specificity required by § 93-11-65 and to make findings on the record in support of its decision.

## CONCLUSION

¶14. Based on the foregoing reasons, we reverse and remand for new trial with instructions to make the required on-the-record findings consistent with this opinion.

¶15. **REVERSED AND REMANDED.**

**WALLER, P.J., DIAZ, EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. COBB, P.J., NOT PARTICIPATING.**