956 So.2d 1106 (2007)
Sheila TANNER, Appellant
v.
Windell Ray TANNER, Appellee.
No. 2006-CA-00423-COA.
Court of Appeals of Mississippi.
May 22, 2007.
*1107 Stanley Alex Sorey, Raleigh, attorney for appellant.
Daniel Dewayne Ware, Magee, attorney for appellee.
Before LEE, P.J., BARNES and CARLTON, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Sheila and Windell Tanner were married on November 28, 1999, and separated on June 7, 2004. One child, Blair Elizabeth Tanner, was born from the union on April 14, 2002. Windell filed his complaint for divorce on June 16, 2004, in the Simpson County Chancery Court. Windell sought a divorce on the grounds of adultery or, in the alternative, irreconcilable differences. Sheila filed her answer and counterclaim, wherein she alleged habitual cruel and inhuman treatment and adultery. A temporary order was entered July 14, 2004, wherein the chancellor granted temporary custody of Blair to Windell. On October 17, 2005, the parties entered an agreed order for divorce on the grounds of irreconcilable differences but submitted the issue of child custody and support to the chancellor.
¶ 2. After a hearing on the matter, the chancellor made an on the record finding in regards to the Albright factors, determining that two factors favored Sheila, two favored Windell and the remaining factors were either equal or did not apply. The chancellor then appointed Bruce Smith as guardian ad litem to review and report on Sheila's health problems, Windell's work schedule and anything that might affect the best interest of Blair.
¶ 3. On February 14, 2006, the guardian ad litem filed a report with the court stating that he did not find Sheila's health problems to be a danger to Blair. The guardian ad litem also found that both parties appeared able to provide for the needs of Blair. On February 16, 2006, the chancellor entered the final judgment of divorce, wherein he awarded the parties joint legal custody with Windell having physical custody of Blair subject to Sheila's visitation rights.
¶ 4. Aggrieved, Sheila now appeals to this Court asserting that the chancellor's decision was clearly erroneous considering Windell's work schedule and in failing to *1108 address the findings of the guardian ad litem on the record.

STANDARD OF REVIEW
¶ 5. This Court will not disturb the findings of a chancellor unless we find an abuse of discretion, an erroneous application of law, or manifest error. Andrews v. Williams, 723 So.2d 1175, 1176(¶ 7) (Miss. Ct.App.1998). Thus, if we find substantial evidence in the record to support the chancellor's findings, we will not reverse. Wilbourne v. Wilbourne, 748 So.2d 184, 186(¶ 3) (Miss.Ct.App.1999).

DISCUSSION
I. WAS THE CHANCELLOR'S DECISION CLEARLY ERRONEOUS CONSIDERING WINDELL'S WORK SCHEDULE?
¶ 6. In her first issue on appeal, Sheila argues that the chancellor failed to consider the best interests of Blair when considering Windell's work schedule. Sheila contends that because she does not work and Windell does, then it is in the best interest of Blair to grant custody to Sheila. It is well settled that in child custody cases, the polestar consideration is the best interest of the child. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). The factors used to determine what is in the "best interest" of a child with regard to custody are: (1) age, health and sex of the child; (2) determination of the parent who had the continuity of care prior to the separation; (3) which parent has the best parenting skills and which has the willingness and capacity to provide primary child care; (4) the employment of the parents and responsibilities of that employment; (5) physical and mental health and age of the parents; (6) emotional ties of the parent and child; (7) moral fitness of the parents; (8) the home, school and community record of the child; (9) the preference of the child at the age sufficient to express a preference by law; (10) stability of home environment and employment of each parent; and (11) other factors relevant to the parent-child relationship. Id.
¶ 7. An appellate court must find a chancellor in error where the chancellor improperly considers and applies the Albright factors. Hollon v. Hollon, 784 So.2d 943, 946(¶ 11) (Miss.2001). In determining whether the chancellor abused his discretion in applying the Albright factors, the appellate court "reviews the evidence and testimony presented at trial under each factor to ensure [the chancellor's] ruling was supported by record." Id. at 947(¶ 13).
¶ 8. In weighing the employment factor, the chancellor found the following:
On first glance, you would think that would favor the father, however, the mother does have disability in which she receives a disability check. The fact that she does have that income and the fact that the father's employment requires him to leave at 4:30 in the morning and take the child somewhere, the Court finds that factor is equal in that he has had the steady employment.
¶ 9. The record supports this determination. Windell had a steady job with hours from 5:00 a.m. until 3:30 p.m. On the way to work, Windell dropped Blair off at his mother's house, which was next door. His mother, Bobbie, would watch Blair until Windell picked her up after work. On the days Bobbie had to be at work at 3:00 p.m., Windell's aunt Debbie, who also lived on the same property, would come watch Blair until Windell was off from work. Sheila also testified that even prior to the separation, Sheila would drop Blair off at Bobbie's house regularly.
¶ 10. Although the chancellor found this factor to equally favor both parties, this *1109 factor alone was not determinative of custody. We find substantial evidence to support the chancellor's finding on this factor and find that the chancellor conducted an on the record finding of all the Albright factors.
II. DID THE CHANCELLOR ERR IN FAILING TO ADDRESS ON THE RECORD THE RECOMMENDATION OF THE GUARDIAN AD LITEM?
¶ 11. In her second and final issue on appeal, Sheila argues that the chancellor erred in failing to address the recommendation of the guardian ad litem on the record. The chancellor found Sheila and Windell equal in regards to the Albright factors but delayed his custody determination pending the guardian ad litem's report. The only reference to the guardian ad litem's report is at the beginning of the final judgment of divorce wherein the chancellor says "after considering the report of the Guardian Ad Litem. . . . Wendell [sic] Tanner . . . is awarded physical custody of the parties minor child. . . ."
¶ 12. In the recent case of Floyd v. Floyd, 949 So.2d 26, 29 (¶ 8) (Miss.2007), the supreme court reversed because the chancellor failed to include his reasons for rejecting the guardian ad litem's recommendation. The supreme court found as follows:
This Court has held that a chancellor shall at least include a summary review of the recommendations of the guardian in the court's findings of fact when the appointment of a guardian is required by law. S.N.C. v. J.R.D., Jr., [755 So.2d 1077, 1082 (Miss.2000)]. Furthermore, if the court rejects the recommendations of the guardian, the court's findings must include its reasons for rejecting the guardian's recommendations. Id. While a chancellor is in no way bound by a guardian's recommendation, a summary of these recommendations in addition to his reasons for not adopting the recommendations is required in the chancellor's findings of fact and conclusions of law. Id., Hensarling v. Hensarling, 824 So.2d 583, 587 (Miss.2002).
Floyd, 949 So.2d 26, 29 (¶ 8).
¶ 13. However, Floyd concerned allegations of child abuse, an instance in which it is mandatory for the chancellor to appoint a guardian ad litem. In this case, the appointment of the guardian ad litem was not required by law but was merely to assist the chancellor. As previously stated, the guardian ad litem's report found both parties equally capable of caring for Blair. Furthermore, the chancellor did not explicitly reject or disagree with the report. This Court has made it clear that only when the appointment of the guardian is mandatory and the chancellor disagrees with the guardian's report will we require the chancellor to summarize the guardian's recommendation and why the chancellor chose to disregard it. See Ponder v. Ponder, 943 So.2d 716, 720(¶ 16) (Miss.Ct.App. 2006); Balius v. Gaines, 914 So.2d 300, 305-06(¶ 13) (Miss.Ct.App.2005); Passmore v. Passmore, 820 So.2d 747, 751(¶ 13) (Miss.Ct.App.2002). We find no merit to this issue.
¶ 14. THE JUDGMENT OF THE SIMPSON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.