IRVING, P.J.,
 

 for the Court:
 

 ¶ 1. This appeal arises out of a custody determination by the Adams County Chancery Court, which ruled that Lillie Hargrave, the maternal grandmother of Ernesha Brown, should have custody of Ernesha. Hargrave’s custody was challenged by Earnest Brown, Ernesha’s natural father. Earnest appeals, asserting that the chancellor improperly placed custody with Hargrave instead of with him.
 

 ¶2. We find that the chancery court applied an incorrect legal standard in making its custody determination. Therefore, we reverse and remand this case to the chancery court for a custody determination utilizing the appropriate standard.
 

 FACTS
 

 ¶ 3. Ernesha was bom on June 12, 1999. Earnest and Azelia Brown, Ernesha’s mother, divorced in 2003. Pursuant to the terms of the divorce, Azelia was granted custody of Ernesha, and although Earnest was supposed to have regular visitation after the divorce, Ernesha did not spend as much time with him as was intended. Azelia eventually remarried and had more children. On May 5, 2009, Azelia died. Hargrave took custody of all of Azelia’s children, including Ernesha.
 

 ¶4. Earnest made several unsuccessful attempts to obtain custody of Ernesha from Hargave, and eventually filed a suit for custody on July 28, 2009. Earnest’s petition alleged that Hargrave had kept him from seeing Ernesha. Earnest averred that he was a “fit and proper person to have full physical custody....”
 

 ¶ 5. In August 2009, the chancery court entered a temporary custody order finding that Hargrave should háve temporary custody of Ernesha until a final hearing could be held. The chancery court granted Earnest weekend visitations with Ernesha.
 

 ¶ 6. In November 2009, Hargrave filed an answer and counterclaim. In her pleading, Hargrave claimed that it was in Ernesha’s best interest for Hargrave to have custody and that Ernest had “shown little, if any, interest in the rearing of [Ernesha] since she was born.”
 

 ¶ 7. On December 4, 2009, the chancery court entered a final judgment regarding custody. The chancery court found that it was in Ernesha’s best interest to remain in Hargrave’s custody. In coming to that conclusion, the chancery court considered the totality of the circumstances and each of the factors found in
 
 Albright v. Albright,
 
 437 So.2d 1003, 1005 (Miss.1983). In its bench opinion, the chancery court noted that Earnest had never really cared for Ernesha or financially supported her and
 
 *728
 
 that Hargrave had helped raise and support Ernesha since she was born. The chancery court’s final judgment granted Earnest regular visitation with Ernesha. Earnest filed a timely motion to reconsider, alleging that the
 
 Albright
 
 factors should not have been used to determine custody without the chancery court first determining that Earnest was unfit as a parent. The chancery court summarily denied the motion on March 15, 2010.
 

 ¶8. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 9. In order to reverse a chancery court’s custody determination, we must find that the court is “manifestly wrong or applied an erroneous legal standard.”
 
 Floyd v. Floyd,
 
 949 So.2d 26, 28 (¶ 5) (Miss.2007) (citing
 
 Powell v. Ayars,
 
 792 So.2d 240, 243 (¶ 6) (Miss.2001)).
 

 ¶ 10. We find that the chancery court applied an erroneous legal standard. As Earnest has pointed out, it is not proper for a chancery court to use the
 
 Albright
 
 factors alone when determining whether to take a child away from a natural parent. Rather, it is generally presumed that the best interest of a child is served by remaining in the custody of the child’s natural parent.
 
 Vaughn v. Davis,
 
 36 So.3d 1261, 1264 (¶ 10) (Miss.2010). However, the presumption is not unassailable.
 
 Id.
 

 ¶ 11. In
 
 Vaughn,
 
 the minor child, Danielle, was born in 2000.
 
 Id.
 
 at 1262 (¶ 2). Danielle and her mother, Theresa, lived with Connie Davis, Theresa’s mother, after Danielle’s birth.
 
 Id.
 
 Theresa passed away in 2002.
 
 Id.
 
 After her death, Connie and Danielle’s natural father, William Vaughn, agreed that Connie should keep Danielle.
 
 Id.
 
 Vaughn did not seek custody of Danielle at that time, and he rarely visited her.
 
 Id.
 
 He also did not pay any child support.
 
 Id.
 
 In 2004, Vaughn agreed to give Connie temporary custody of Danielle.
 
 Id.
 
 at (¶ 3). The chancery court relied on the temporary custody order in concluding that Vaughn had relinquished his right to rely on the natural-parent presumption.
 
 Id.
 
 at 1264 (¶ 8). The chancery court then examined the
 
 Albright
 
 factors and found that Connie should have custody of Danielle.
 
 Id.
 

 ¶ 12. On appeal, the Mississippi Supreme Court held that the chancery court should not have found that Vaughn’s agreement to give Connie temporary custody invalidated the natural-parent presumption.
 
 Id.
 
 The supreme court noted that the primary determination in every custody case is the best interest of the child.
 
 Id.
 
 at 1264 (¶ 10). The court then noted the following regarding the chancellor’s conclusions:
 

 The chancellor believed he had only two options. He would have to find Vaughn immoral or unfit as a parent, or that he had abandoned the child, and then do an
 
 Albright
 
 analysis to determine Danielle’s best interest.... Or, if he failed to find immorality, unfitness, or abandonment, he would have to grant custody to Vaughn without regard to Danielle’s best interest.... The chancellor found abandonment through Vaughn’s temporary agreement to temporary custody. Following this finding, the chancellor determined that Danielle’s best interest ... w[as] served by continuing to live in Connie’s home, the only home Danielle had ever known.
 

 We find that the chancellor was not required to make such a stark choice under these facts. Our custody statute ... offers another option, a finding of desertion.... Thus, the chancellor could have treated Vaughn’s inaction
 
 *729
 
 prior to the agreed order as desertion of Danielle. If so, Vaughn would have forfeited the presumption he had as her natural father, even though his actions/inactions do not compare to the behavior our courts have found to constitute abandonment or constructive abandonment.
 

 * * *
 

 In Leverock,
 
 [1]
 
 this Court found that a father had deserted his son by “completely avoiding both his moral and legal duties and obligations as a father for more than two years. During this period of time, he showed a complete disregard for the welfare of his young son.” The
 
 Leverock
 
 Court continued that the father had chosen “to take an extended holiday from the responsibilities of parenthood[,]” and we find that he should not now be able to claim the benefit of his status as a natural parent.
 

 Id.
 
 at 1264-65 (¶ 11-14) (citations omitted). The supreme court reversed and remanded the case to the chancery court for a determination of whether “Vaughn relinquished the natural-parent presumption for reasons other than forfeiture by agreeing to a temporary custody order.”
 
 Id.
 
 at 1267 (¶ 18). The court acknowledged that: “As always in custody matters, the best interest ... of the child should guide the analysis as a polestar.”
 
 Id.
 

 ¶ 18. We find, on the basis of the supreme court’s holding in
 
 Vaughn,
 
 that the chancery court in this case should have considered whether Earnest had deserted Ernesha as a result of his interactions, or lack thereof, with her during the first ten years of her life. On remand, the chancery court must consider the natural-parent presumption and whether Earnest has lost the benefit of the presumption, either through desertion or some other conduct that has made him unfit as a parent. In the absence of desertion or other indication that Earnest is unfit, the natural-parent presumption must be considered in determining who should have custody of Ernesha.
 

 ¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF ADAMS COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ, CONCUR.
 

 [1]
 

 .
 
 In re Dissolution of Marriage of Leverock and Hamby,
 
 23 So.3d 424 (Miss.2009).