## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2015-CA-00686-COA

**GLORIA LEAKE** APPELLANT

**v.**

**ANTHONY LEAKE** APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/21/2015 |
| TRIAL JUDGE: | HON. E. VINCENT DAVIS |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JEFFERY KENDRICK HARNESS |
| ATTORNEY FOR APPELLEE: | NANCY E. GARRISON |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR MODIFICATION OF CUSTODY AND CONTEMPT |
| DISPOSITION: | AFFIRMED - 07/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, Gloria Leake claims the Adams County Chancery Court erred in finding she came into chancery court with unclean hands and denying her request for a modification of custody.

### FACTS AND PROCEDURAL HISTORY

¶2.     Anthony and Gloria Leake were married on December 1, 1990, and their first child was born four months later.[1]  Their second child, Taylor Alexandria Leake, was born on November 26, 1998.  Anthony and Gloria were in various stages of divorce litigation from

---

[1] Toni Ashley Leake has reached the age of majority.

December 2008 until a final judgment was entered in October 2013. The chancellor awarded sole physical and legal custody of Taylor to Anthony, and ordered Gloria to pay child support, among other things.

¶3. On April 21, 2014, Gloria filed a motion to set aside the chancellor's order and also requesting a finding of contempt, a modification of custody, and other relief. Anthony filed a counterclaim for contempt, alleging Gloria failed to pay $15,363.63[2] in child support, $3,708 from a savings account, and a $225 appraisal fee. He also alleged Gloria did not provide proof of a life-insurance policy naming Taylor as a beneficiary or proof that Anthony was named as a beneficiary on Gloria's retirement account.

¶4. After a hearing, the chancellor denied Gloria's motion. Relevant to this appeal, the chancellor found there was no evidence that Anthony was in contempt, nor had there been a material change in circumstances. Therefore, the chancellor declined to modify custody. The chancellor also found that Gloria had unclean hands and entered a judgment of contempt in favor of Anthony. Gloria appeals.

## STANDARD OF REVIEW

¶5. In child-custody cases, our standard of review is limited. *Floyd v. Floyd,* 949 So. 2d 26, 28 (¶5) (Miss. 2007) (citation omitted). This Court will reverse "only if a chancellor is manifestly wrong or applied an erroneous legal standard." *Id.* A chancellor's factual findings will not be reversed "where there is substantial evidence in the record supporting these findings of fact." *Id.*

---

[2] This amount was later amended to $15,839.63.

**DISCUSSION**

¶6. As a preliminary matter, Gloria failed to follow Mississippi Rule of Appellate Procedure 28(a)(3), which requires that each issue be separately numbered in a statement of the issues. M.R.A.P. 28(a)(3); *see also Wilson v. Wilson*, 79 So. 3d 551, 560 (¶39) (Miss. Ct. App. 2012). "Failure to present an issue in this fashion bars the issue for appellate review." *Id.* (citation omitted). Regardless, we will address Gloria's arguments. *See id.*

## I.    Unclean Hands

¶7. Although Gloria asserts the chancellor erred in finding that she came into chancery court with unclean hands, Gloria does not cite any authority in support of her argument. "This Court has held that 'a party's failure to cite authority in support of an argument precludes consideration of the issue on appeal.'" *Myrick v. Myrick*, 122 So. 3d 93, 102 (¶18) (Miss. Ct. App. 2013) (citation omitted). For this reason, we will not address the merits of this issue.

¶8. However, we note that the chancellor entered a judgment effectively "cleansing" Gloria's hands, which permitted the chancellor to hear the modification-of-custody issue. *Roberts v. Roberts*, 110 So. 3d 820, 829 (¶26) (Miss. Ct. App. 2013) ("[A] judgment for the amount of an arrearage operates to 'clean' the hands [of] a party who would have otherwise had unclean hands for failure to pay that arrearage.").

## II.    Modification of Custody

¶9. "The test for a modification of child custody is: (1) whether there has been a material change in circumstances which adversely affects the welfare of the child and (2) whether the

best interest of the child requires a change in custody." *Floyd,* 949 So. 2d at 29 (¶10). "The non-custodial parent has the burden of proving that since the decree or order sought to be modified, a material change has occurred in the custodial home which adversely affects the child." *Cooper v. Higgins,* 187 So. 3d 1088, 1090 (¶14) (Miss. Ct. App. 2016) (quoting *Swartzfager v. Derrick*, 942 So. 2d 255, 257-58 (¶9) (Miss. Ct. App. 2006)).

¶10. Nothing in the record provides an indication of a material and adverse change in circumstances since the judgment of divorce. *See id.* at (¶15). In her brief, Gloria claims that Taylor "has been denied the opportunity to receive a good education and [has] not [received] the attention that she needs." Gloria expressed concern about Taylor being home-schooled. However, Taylor was home-schooled at the time the judgment of divorce was entered. Furthermore, when asked about the home-schooling program, or curriculum, Gloria had "absolutely no idea." Finally, with respect to the attention Taylor received from Anthony, Anthony testified that he saw Taylor every morning and evening, for a total of three to four hours a day.

¶11. Because the record reveals no reversible error and because the record supports the chancellor's finding that Gloria failed to meet her burden on proving a material change in circumstances, we affirm.

¶12. **THE JUDGMENT OF THE CHANCERY COURT OF ADAMS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**