## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-01679-SCT

*MARY BLACKMON JONES, INDIVIDUALLY AND AS PARENT AND ADULT NEXT FRIEND OF LAKEISHA BLACKMON, A MINOR*

*v.*

*JACKSON PUBLIC SCHOOLS AND JESSICA SIMMONS*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/15/1999 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | TYLVESTER OTIS GOSS |
| | THANDI WADE |
| ATTORNEYS FOR APPELLEES: | WHITMAN B. JOHNSON, III |
| | SHELLY G. BURNS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 05/18/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/8/2000 |

**BEFORE PRATHER, C.J., MILLS AND COBB, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. On May 23, 1995, Lakeisha Blackmon, a minor, was injured during a classroom skit at Hardy Middle School in Jackson, Mississippi. During the skit, Blackmon accidentally hit her teeth on a chair. She was then taken to a hospital, where she incurred $8,000 in medical expenses. Remarkably, the entire incident is depicted on video tape. Blackmon's mother, Mary Blackmon Jones, filed suit in the Hinds County Court against the Jackson Public School District (JPS) and the supervising teacher, Jessica Simmons, alleging that JPS and Simmons were liable for Blackmon's injuries under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 et seq. (Supp. 1999). The county court converted the defendants' M.R.C.P. 12(b)(6) motion to a motion for summary judgment under M.R.C.P. 56(c) and dismissed the case with prejudice after examining the video tape of the incident. Jones appealed to the Circuit Court of Hinds County, where the dismissal was affirmed. Aggrieved by the circuit court's decision, Jones timely perfected this appeal.

## STATEMENT OF LAW

### I.

**WHETHER THE COUNTY COURT JUDGE PROPERLY COMPLIED WITH M.R.C.P. 12(B) AND 56(C)**

¶2. When a motion to dismiss is treated as a motion for summary judgment, the requirements of M.R.C.P. 12(b) & 56(c) must be met, and the opposing party is given at least 10 days to file materials in opposition to the motion for summary judgment. Blackmon alleges that the county court judge failed to comply with the requirements set forth in M.R.C.P. 12(b) & 56(c). We disagree.

¶3. County Court Judge Houston J. Patton reviewed the video tape of the accident. By reviewing the tape, Judge Patton converted the motion to dismiss into a motion for summary judgment. We have previously held that a trial court may properly convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. *Walton v. Bourgeois*, 512 So. 2d 698, 699-700 (Miss. 1987). In *Walton*, we held that no specific decree is required by the court when a Rule 12(b)(6) motion is converted into a motion for summary judgment so long as an adequate opportunity to respond has been given to the party opposing the motion. *Id.* at 699. "Anyone who reads the Rule 12(b) motion is thereby on actual notice that a motion to dismiss has the potential to be treated as a motion for summary judgment if the conditions in the rule [are] found." *Id.* at 700. Accordingly, Jones and her counsel were responsible for knowing the contents of Rule 12(b). Jones and her counsel were also aware that Judge Patton was considering matters outside of the pleadings by reviewing the video tape. Moreover, Judge Patton postponed making his final ruling for over three months, granting ample time for the opposing party to respond and gather additional discovery. Consequently, Judge Patton complied with the requirements set forth in M.R.C.P. 12(b) & 56(c). This issue is without merit.

## II.

### WHETHER A GENUINE ISSUE OF MATERIAL FACT EXISTED WHICH WOULD HAVE PREVENTED DISMISSAL OF THIS CASE PRIOR TO TRIAL

¶4. Blackmon alleges that both JPS and Simmons should be held responsible for the injury to her daughter. We disagree. This Court has viewed the video tape of the incident and finds that Blackmon's injury was simply an accident. At the time the injury occurred, Simmons was physically present in the classroom and actively involved in supervising the skit. No "horseplay" or "playtime frenzy" was involved in the accident. There was simply no negligence on the part of Simmons or JPS with regard to this incident, and Jones failed to submit any evidentiary materials showing otherwise.

¶5. While performing in the skit, Blackmon was sitting in the "backseat" of a car. The "car" was made up of four chairs, with two chairs representing the front seats and two chairs representing the back seats. As she moved her head back and forth, Blackmon accidently struck her mouth on the back of the chair in front of her. No one told Blackmon to move her head in this manner. The only person responsible for this accident was Blackmon herself. As Judge Patton correctly concluded, Blackmon's accident was an "unfortunate, yet unforeseeable accident." This case is not an example of the public school system's disciplinary procedures or safety precautions collapsing because an employee failed to recognize or prevent foreseeable harm to a child. The video tape speaks for itself, and Judge Patton was correct in finding no genuine issue of material fact existed in this case and that the defendants were entitled to judgment as a matter of law. Consequently, this issue is without merit.

### CONCLUSION

¶6. The Hinds County Court acted in compliance with the Mississippi Rules of Civil Procedure and was correct in finding that no genuine issue of material fact existed in this case and that the defendants were entitled to judgment as a matter of law. Thus, the Hinds County Circuit Court did not err in affirming the judgment of the Hinds County Court. Therefore, the judgment of the Hinds County Circuit Court is affirmed.

¶7. **AFFIRMED.**

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE, SMITH, WALLER, COBB AND DIAZ, JJ., CONCUR.**