# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-01849-SCT

*TROY MARTIN, ANNIE MAE SOUTHWARD AND*
*AZZIE LEE MARTIN*

*v.*

*CLARENCE LOWERY*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/20/2004 |
| TRIAL JUDGE: | HON. TALMADGE D. LITTLEJOHN |
| COURT FROM WHICH APPEALED: | TISHOMINGO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL DALE COOKE |
| ATTORNEY FOR APPELLEE: | JAMES TRAVIS BELUE |
| NATURE OF THE CASE: | CIVIL - UNCONSTITUTIONAL STATUTE |
| DISPOSITION: | REVERSED AND REMANDED - 10/13/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Clarence Lowery filed a complaint alleging that an implied easement by necessity existed across a plot of land owned by Troy Martin, Azzie Lee Martin and Annie Mae Southward. The Chancery Court of Tishomingo County denied Martin's motion to dismiss Azzie Lee Martin and Southward and retained jurisdiction contrary to Martin's motion to dismiss for lack of subject matter jurisdiction pursuant to Miss. Code Ann. § 65-7-201 (Supp. 2004).

¶2.     We decline to rule on the constitutionality of the statute because the parties never raised the issue, rather, it was raised solely by the chancellor. Furthermore, the Attorney

General was not notified as required. We find that the chancellor erred in failing to dismiss Azzie Lee Martin and Annie Mae Southward pursuant to M.R.C.P. 4(h) and 4(e) for failure to serve process as required. We need not address the remaining issue.

## FACTS AND PROCEDURAL HISTORY

¶3. Lowery purchased a twenty-acre plot of land from Troy Martin, Azzie Lee Martin and Annie Mae Southward on December 8, 1992. The Martin estate had been divided up in 1978, thereby creating several twenty acre blocks of real property originally comprised of one larger tract of land. One of the twenty-acre plots retained by Martin and Southward had a small road providing access while the plot Lowery purchased was landlocked. Lowery filed a complaint for an implied easement in the Chancery Court of Tishomingo County, Mississippi, on January 7, 2004. Service of process was effected on Troy Martin shortly after filing the complaint but neither Azzie Lee Martin nor Annie Mae Southward were served. Lowery claims that Tony Martin asked Lowery not to serve Azzie Lee Martin or Annie Mae Southward because doing so would damage settlement negotiations which all were involved at the time. Lowery asserts that all parties, including the county board of supervisors and neighbors were in the midst of tenuous settlement negotiations which would be damaged if the remaining two defendants were formally served. In exchange for not serving the two defendants, Lowery alleges that he permitted Troy Martin to not file his answer to the complaint in hopes that the negotiations would be successful thereby not requiring litigation.

¶4. Azzie Lee Martin and Annie Mae Southward filed a motion to dismiss, which was joined by Troy Martin, alleging that Lowery failed to serve them with process within 120 days as required by M.R.C.P. 4(h). Moreover, they further allege that Lowery never sought an

2

extension of time for service of process pursuant to 4(h). The motion also alleges that pursuant to Miss. Code Ann. § 65-7-201 subject matter jurisdiction is improper in chancery court requiring Tishomingo County Court to retain jurisdiction in all claims utilizing the special court of eminent domain.

¶5. The chancery court heard oral arguments on August 20, 2004, wherein the chancellor found that Lowery had shown good cause for not serving Azzie Lee Martin or Ms. Southward thereby refusing to dismiss the two defendants. The chancellor, acting sua sponte and without citing any finding of facts, ruled Miss. Code Ann. § 65-7-201 unconstitutional stating the statute was "totally impractical and not workable and it cannot be carried out under due process of law."

¶6. Defendants then filed a motion for interlocutory appeal on the chancery court's denial of their request to transfer the matter to circuit court. They claim a substantial differing of opinion exists which may materially advance the termination of the litigation allowing them to avoid exceptional litigation expenses, prevent irreparable injury, and resolve an issue of great importance in the administration of justice. The chancellor denied certification that a substantial basis for a difference of opinion existed. Troy Martin, Azzie Lee Martin and Annie Mae Southward now cite three issues for consideration in this interlocutory appeal.

## DISCUSSION

¶7. Generally, we apply the "manifest error/substantial evidence rule" in reviewing a chancellor's findings of fact. *Miss. State Tax Comm'n v. Oscar E. Austin Trust,* 719 So.2d 1172, 1173 (Miss. 1998). The reviewing court is prohibited from disturbing the chancellor's findings of fact unless they are "manifestly wrong or clearly erroneous." *Bowers Window &*

3

*Door Co. v. Dearman,* 549 So.2d 1309, 1312-13 (Miss. 1989). Thus, the chancellor's findings of fact are accorded great deference and will not be disturbed if they are supported by substantial evidence. *Brooks v. Brooks*, 652 So.2d 1113, 1124 (Miss. 1995). In contrast, questions of law are reviewed de novo, and the reviewing court will reverse if the law has been applied or interpreted erroneously. *Miss. Transp. Comm'n v. Fires*, 693 So.2d 917, 920 (Miss. 1997).

**I**

¶8.     We decline to address the issue of the constitutionality of the statute because it was not raised by the parties, rather, it was raised solely by the chancellor.  We write briefly only to assert our reasoning for refusing to consider this issue.  This Court has previously held the 1942 Code predecessor to Miss. Code Ann.  § 65-7-201 constitutional. *Quinn v. Holly*, 244 Miss. 808, 811, 146 So. 2d 357 (1962).  This Court has also held  that a statute's constitutionality will not be considered unless it has been specifically pleaded. *Lawrence County Sch. Dist. v. Bowden*, 2005 WL 613630 (Miss. 2005); *City of Jackson v. Lakeland Lounge of Jackson, Inc.,* 688 So.2d 742, 749 (Miss. 1996) (citing *State ex rel. Carr v. Cabana Terrace, Inc.,* 247 Miss. 26, 153 So.2d 257, 260 (1963); *see also Colburn v. State,* 431 So.2d 1111, 1114 (Miss. 1983); *Witt v. Mitchell*, 437 So.2d 63, 66 (Miss. 1983).  A specifically pleaded issue is one that has been raised in a proper motion before the court. *Colburn,* 431 So.2d  at 1114.  We have also held that a trial court may not raise the constitutional issue sua sponte. *In re Estate of Miller v. Miller*, 409 So.2d 715, 718 (Miss. 1982).  Failure to raise the issue acts as a waiver and precludes the defendant or plaintiff from

seeking reversal on constitutional grounds on appeal. *Colburn,* 431 So.2d at 1114. The Court in *Lakeland Lounge* stated "[t]he issues are framed, formed and bounded by the pleadings of the litigants. The Court is limited to the issues *raised in the pleadings* and proof contained in the record." *Lakeland Lounge*, 688 So.2d at 750 (emphasis added). The Court has relied heavily upon Chief Justice Griffith's *Mississippi Chancery Practice* guide which states:

> The power of the court, then, will be exerted only upon, and *will not move beyond, the scope of the cause as presented by the pleadings*, for the pleadings are the means that the law has provided by which the parties may state to the court what it is they ask of the court and the facts upon which they ask it; and proof is received and is considered only as to those matters of fact that are put in issue by the pleadings, and never beyond or outside of them. If the rule were otherwise courts could become the originators instead of the settlers of litigious disputes, and parties would never know definitely what they will be required to meet or how to meet it.

V.A. Griffith, Mississippi Chancery Practice § 564, at 587 (2d ed. 1950) (emphasis added).

¶9.     Furthermore, when a statute's constitutionality is challenged,  the Attorney General must be notified and provided an opportunity to respond. *In re D.O.*, 798 So.2d 417, 423 (Miss. 2001) (citing Miss. R. Civ. P. 24(d)). The Mississippi Rules of Appellate Procedure require that the Supreme Court *not* decide a constitutional issue until proper notice has been given to the appropriate governmental body. *Pickens v. Donaldson*, 748 So.2d 684, 691 (Miss.1999) (citing M.R.A.P. 44 (c)). This Court has procedurally barred challenges to the constitutionality of a statute where a party failed to notify the Attorney General. *Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So. 2d 357, 360 (Miss. 2004), citing *Barnes v. Singing River Hosp. Sys.*, 733 So. 2d 199, 202-03 (Miss. 1999).

¶10.    The case at bar however has a slightly different twist to it as the parties did not raise the issue of the constitutionality of Miss. Code Ann. § 65-7-201 in their pleadings.                In the case at hand, neither party raised  the constitutionality of Miss. Code Ann. § 65-7-201 in their pleadings.    The chancellor first mentioned the potential impracticality in the hearing on the motion to dismiss when he asked Martin "how in the world is the amendment to the code . . . going to work as a practical matter." Both attorneys briefly responded to the chancellor's question wherein the chancellor stated:

> The [c]ourt hereby finds and holds, and you can take this up on appeal if you would like, that 65-7-201 as amended is totally impractical and not workable and it cannot be carried out under due process of law; and this court, accordingly, holds it unconstitutional as a result and because of these very facts in this opinion. . .[the court] finds that this statute was amended. . . in such a haphazard way that it's impossible and impractical to enforce it and carry it out. Whoever wrote it needs to practice law a few years in the hills of north Mississippi.

¶11.    Only upon filing of their respective briefs in response to the interlocutory appeal did either attorneys address the issue of constitutionality.   Lowery correctly points this out in his brief when he states "[i]n fact, the argument of due process of law was not even raised by either counsel in their argument before the [c]ourt."    Martin only argues the constitutionality point in his brief when he states "[i]t is the Plaintiff's position that arguing over the authority of the Chancellor to declare 65-7-201 unconstitutional or indeed the constitutionality of the statute is irrelevant." While a chancellor does have the power to hold a statute unconstitutional, constitutionality must first be specifically pled before the power of review is vested in the trial court.  *State v. Watkins*, 676 So.2d 247, 250 (Miss. 1996).   Again, we hold that because neither party raised this issue, nor was notice provided in advance to the Attorney General, and

6

the chancellor sua sponte declared the statute unconstitutional, the chancellor exceeded his authority in holding that Miss. Code Ann. § 65-7-201 unconstitutional. The issue is procedurally barred. We therefore decline to further address the merits of the issue of constitutionality of the statute at issue.

## II

¶12.   Lowery filed his complaint on January 7, 2004. M.R.C.P. 4(h) requires service of a summons and complaint upon a defendant within 120 days after filing the complaint. Service of the summons on all defendants should have occurred by May 6, 2004. Two of the three defendants in the case at bar, Annie Mae Southward and Azzie Lee Martin were never served with process. In fact, even at the time of the hearing on August 20, 2004, neither had ever been served with a summons. Furthermore, Lowery did not move for an extension of time nor did he assert **good** cause as to why service was not timely made. At the hearing before the chancellor, counsel for Lowery alleged that the reason for not effecting proper service was because of ongoing settlements discussions. However, Annie Mae Southward and Azzie Lee Martin were not part of those discussions.

¶13.   In determining good cause this Court has held that the decision "would be a discretionary ruling on the part of the trial court and entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." *Rains v. Gardner*, 731 So. 2d 1192, 1197 (Miss. 1999).

¶14.   However, in the case at bar, the chancellor's order fails to include sufficient findings of fact in support as to this issue. Additionally, the chancellor's bench opinion fails to specify the chancellor's findings of fact. "[W]hen there are no specific findings of fact, we

7

sometimes assume the trial judge made determinations of fact sufficient to support the evidence." ***Pace v. Owens***, 511 So. 2d 489, 492 (Miss. 1987) (citing ***Rives v. Peterson***, 493 So.2d 316, 317 (Miss. 1986)). Nevertheless,

> [t]here are limitations upon this premise. It is one thing to employ algebraic techniques to imply the numerical content of "X" in the equation $10 + 6 + X = 23$. It is altogether different where, as here, we are asked to assume the content of all variables in an equation $X + Y + Z = 23$ . . . .We simply have not received enough help from the Chancery Court that we might derive the findings it ought to have made.

***Tricon Metals & Servs., Inc. v. Topp***, 516 So. 2d 236, 238 (Miss. 1987) (citing ***Pace***, 511 So.2d at 492)). We hold the latter applies to the case at hand. Here the chancellor merely states "[t]hat the Plaintiff [Lowery] has shown good cause for not serving process on Annie Mae Southward and Azzie Lee Martin within the 120 day period of Rule 4(h) . . . ." Hence, we are also unable to derive what finding the Chancery Court of Tishomingo County "ought to have made."

¶15.    Furthermore in ***Webster v. Webster***, 834 So. 2d 26, 28 (Miss. 2003), this Court held that "[a] determination of good cause is a discretionary ruling by the trial court and is entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." As previously indicated, it is not apparent whether or not the chancellor's determination of good cause in this case is based on substantial evidence. Again, this is a result of the chancellor's failure to provide express reasoning and facts upon which his determination was made. Thus, we determine that the chancellor's failure to make specific findings of fact is an abuse of discretion.

¶16. Finally, we note if there was an attempt to waive service of process on the two defendants, Rule 4(e) requires that any waiver of service of process "shall be in writing dated and signed by the defendant and duly sworn to or acknowledged." M.R.C.P. 4(e). Because Rule 4(e) does not provide for service of process waiver by oral agreements, Lowery is prohibited from now claiming Rule 4(h) protection under a good cause argument.

## CONCLUSION

¶17. We find that the chancellor erred in raising and addressing the constitutionality of the statute for the reasons cited, thus we apply the procedural bar. We also find that there was no compliance with M.R.C.P. 4(h), nor Rule 4(e) and the chancellor abused his discretion in failing the set out specific reasons as to findings of fact in his order or his bench opinion. As such, the chancellor erred in failing to dismiss the complaint. We reverse the chancellor's judgment and remand this case with instructions that (1) the chancellor dismiss the case without prejudice as to Azzie Lee Martin and Annie Mae Southward pursuant to M.R.C.P. 4(h), and (2) consider anew the motion to dismiss for lack of subject matter jurisdiction filed by Troy Martin.

¶18. **REVERSED AND REMANDED.**

**WALLER AND COBB, P.J., EASLEY CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**