# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-01866-SCT

*CARLA STUTTS*

*v.*

*JANICE MILLER AND JACI MILLER*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/06/2008 |
| TRIAL JUDGE: | HON. JAMES LAMAR ROBERTS, JR. |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS L. SWEAT, JR. |
| ATTORNEYS FOR APPELLEES: | DINETIA BROOKE NEWMAN |
| | ROBERT F. STACY, JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 03/18/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Carla Stutts filed a complaint for damages against Janice Miller and Jaci Miller[1] in the Circuit Court of Alcorn County due to an automobile accident, which Stutts asserts was a result of Jaci Miller's negligent driving. The Circuit Court dismissed the complaint with prejudice due to Carla Stutts's failure to serve the defendants with process within 120 days, as required by Mississippi Rule of Civil Procedure 4(h), and the expiration of the applicable

---

[1]Jaci Miller was a minor at the time of the accident which led to this action; thus, her mother, Janice Miller, also was named as a defendant.

statute of limitations. Carla Stutts appeals the trial court's dismissal of her lawsuit to this Court. Finding no reversible error, we affirm.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. According to the complaint filed by Carla Stutts (Stutts), she was traveling west on Highway 72 in Corinth on September 24, 2004, when Jaci Miller, who was attempting to turn left onto Alcorn Drive, failed to yield the right of way to Stutts, causing an automobile accident. Stutts filed this action for damages for the injuries she sustained as a result of the accident. Stutts asserted that Jaci's mother, Janice Miller, was jointly and severally liable for her damages, since Jaci Miller was a minor at the time of the accident.

¶3. Stutts filed her complaint in the Circuit Court of Alcorn County on September 20, 2007, four days before the running of the applicable three-year statute of limitations. *See* Miss. Code Ann. § 15-1-49 (Rev. 2003). Pursuant to Mississippi Rule of Civil Procedure Rule 4(h), Stutts had 120 days after filing her complaint to serve process on the Millers. *See* Miss. R. Civ. P. 4(h). The 120-day period elapsed on January 18, 2008; however, Stutts did not serve the Millers with process until January 24, 2008, six days after the expiration of the 120-day period. Thus, the Millers filed a motion to dismiss on July 1, 2008, asserting that the "plaintiff failed to serve either defendant within the 120 day period," and the three-year statute of limitations "began to run again after the 120 day period to accomplish service of process expired. The statute of limitations expired no later than January 22, 2008." On July 29, 2008, a hearing was held on the Millers' motion to dismiss in the Alcorn County Circuit Court, Judge James L. Roberts, Jr., presiding, and at the conclusion of the hearing, the trial

2

court granted Stutts fourteen days to submit "good cause" affidavits. These affidavits were filed with the trial court within the allotted time, responded to by the Millers, and considered by the trial court.[2]

¶4. The trial court ruled that "the Plaintiff's subsequent affidavits fail to establish 'good cause' as contemplated by Rule 4(h) or case law" and "[a]pplicable law is clear that a failure to effect service of process during the 120 days, coupled with no motion for request of extension of time, bars the Plaintiff's claims against the Defendants due to the expiration of the applicable three year statute of limitations contained in Miss. Code Ann. § 15-1-49." Thus, the trial court dismissed the case with prejudice, and Stutts subsequently perfected this appeal.

**DISCUSSION**

¶5. Stutts presents eight issues to this Court for our consideration. We set out here, verbatim, the issues submitted by Stutts:

> 1. Does Rule 4(h)of the Mississippi Rules of Civil Procedure ("MRCP") call for automatic dismissal of a case if summons is not served within 120 days of the filing of a complaint without a review of "good cause"?
>
> 2. What judicial determination must be made concerning the "good cause" that must be shown if process is not served within 120 days as set forth in Rule 4(h) of MRCP?

---

[2]The Millers, through counsel, objected at the hearing to the trial court's grant of additional time to Stutts's counsel to submit "good cause affidavits," and once the affidavits were filed with the trial court, the Millers filed a written response which asserted, *inter alia*, that the trial court should not consider these affidavits.

3. Was good cause established in the case at bar for failing to serve process within 120 days required by Rule 4(h) of MRCP?

4. Is it an abusive [*sic*] discretion or otherwise improper for a Court to fail to make a finding of facts or otherwise explain why the efforts of a party in attempting to serve process within the 120 days required by Rule 4(h) of MRCP are not good cause for failing to serve process within said timeframe?

5. Does the specific language of Rule 4(h) of MRCP contemplate or require a request for additional time if good cause has been exercised in attempting to serve process as set forth in said rule?

6. Although not set forth in the text of Rule 4(h) of MRCP, does failure of a to [*sic*] request additional time for service of process prevent a party from establishing good cause for failure to serve process in the 120 days set forth in Rule 4(h) of MRCP?

7. Is it harmless error to fail to request additional time to serve process within the 120 days set forth in Rule 4(h) of MRCP if good faith is exercised in attempting to serve process during that 120 day period?

8. It is a question of law whether the lower court correctly determined that the statute of limitations in this case begins to run again automatically after the expiration of 120 days for service of process without a judicial determination, or an inaccurate determination, as to the good cause of the Plaintiff failing to serve process within said 120 days and, accordingly, this is entitled to de novo review by the Appellate Court.

¶6.     The ultimate issue, however, is whether the trial court erred in dismissing Stutts's complaint for failure to serve the Millers within 120 days as set forth in Rule 4(h) of the Mississippi Rules of Civil Procedure.  Therefore, we now restate the critical issue before us for the sake of clarity in discussion.

**WHETHER THE TRIAL COURT ERRED IN DISMISSING STUTTS'S COMPLAINT WITH PREJUDICE.**

¶7. A trial court's decision to grant or deny a motion to dismiss is reviewed *de novo*. ***Scaggs v. GPCH-GP, Inc.***, 931 So. 2d 1274, 1275 (Miss. 2006). However, "[t]his Court leaves to the discretion of the trial court the finding of fact on the existence of good cause or excusable neglect for delay in serving process under Rule 4(h)." ***Johnson v. Thomas ex rel. Polatsidis***, 982 So. 2d 405, 409 (Miss. 2008) (quoting ***Long v. Mem'l Hosp. at Gulfport***, 969 So. 2d 35, 38 (Miss. 2007)). Only "[w]here such discretion is abused or is not supported by substantial evidence" will this Court reverse. ***Id***.[3]

¶8. Mississippi Rule of Civil Procedure 4(h) states:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Miss. R. Civ. P. 4(h).

---

[3]Even though the practical effect of allowing these "outside-the-pleadings" affidavits could be converting a Rule 12(b)(6) motion to dismiss to a Mississippi Rule of Civil Procedure 56 motion for summary judgment, the trial court's allowing Stutts the opportunity to file these "good-cause affidavits" worked to Stutts's advantage. *See* Miss. R. Civ. P. 12(b); ***Jones v. Jackson Pub. Schools***, 760 So. 2d 730, 731 (Miss. 2000). Thus, Stutts had no cause to complain of this procedure, nor did the Millers cross-appeal on this issue. Additionally, while no summary judgment procedure was discussed at the hearing, the trial judge gave Stutts fourteen days to submit these affidavits, with the Millers having the opportunity thereafter to respond. *See, e.g.* ***Sullivan v. Tullos***, 19 So. 3d 1271, 1274-76 (Miss. 2009) (citing ***Jones v. Regency Toyota, Inc.***, 798 So. 2d 474 (Miss. 2001)). Finally, we note that the trial judge acknowledged in his order that he had before him the Millers' motion to dismiss filed "pursuant to Rule 12(b)(5) and/or 12(b)(6)." Of course, the "matters-outside-the-pleadings" language found in Rule 12(b), which converts a Rule 12(b)(6) motion (failure to state a claim upon which relief can be granted) to a Rule 56 motion for summary judgment requiring appropriate notice to the parties concerning the conversion, does not apply to Rule 12(b)(5).

¶9.   Thus, Rule 4(h) provides that a complaint will be dismissed only if the plaintiff cannot show good cause for failing to serve process within 120 days. ***Holmes v. Coast Transit Auth.***, 815 So. 2d 1183, 1185 (Miss. 2002). This Court has held that "a plaintiff attempting to establish 'good cause' must show 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id*. at 1186 (quoting ***Watters v. Stripling***, 675 So. 2d 1242, 1243 (Miss. 1996); ***Systems Signs Supplies v. U.S. Dep't of Justice***, 903 F.2d 1011, 1013 (5th Cir. 1990)). *See also* ***Heard v. Remy***, 937 So. 2d 939, 944 (Miss. 2006).

¶10.   In today's case, Stutts filed her complaint on September 20, 2007, and had 120 days from that date to serve process on the Millers. The 120-day period expired on January 18, 2008, and Stutts did not serve process on the Millers until January 24, 2008. Therefore, Stutts's complaint was properly dismissed if she was unable to show good cause for the untimely service of process. The trial court determined that Stutts had failed to establish good cause.[4]

¶11.   Stutts argues that the trial court "perfunctorily and arbitrarily declared that no good cause was established for failure to serve process as required under Rule 4(h), and said Court failed to make any finding of facts or provide any rationale as to its decision." The record before us in today's case unquestionably is scant concerning any findings of fact by the trial

---

[4]In its Order granting the Defendants' Motion to Dismiss and dismissing Stutts's complaint with prejudice, the trial court stated that "the Plaintiff's subsequent affidavits fail to establish 'good cause' as contemplated by Rule 4(h) or case law."

6

court. As already noted, the trial court dismissed Stutts's complaint, finding that "the Plaintiff's subsequent affidavits fail to establish 'good cause' as contemplated by Rule 4(h) or case law" and "[a]pplicable law is clear that a failure to effect service of process during the 120 days, coupled with no motion for request of extension of time, bars the Plaintiff's claims against the Defendants due to the expiration of the applicable three year statute of limitations contained in Miss. Code Ann. § 15-1-49." Without a doubt, we prefer to have in the appellate record a trial court's specific findings of fact on the issue before us. A trial court's failure to include specific findings of fact on an issue may be fatal error. *See, e.g.*, *Floyd v. Floyd*, 949 So. 2d 26, 29-30 (Miss. 2007) (chancellor's failure to make specific on-the-record findings to support decision on child-custody issue required reversal); *Martin v. Lowery*, 912 So. 2d 461, 466-67 (Miss. 2005) (chancellor's failure to make specific, on-the-record findings to support denial of motion to dismiss for failure to effectuate process under Mississippi Rule of Civil Procedure 4(h) required reversal because this Court was "unable to derive what finding the [chancery court] 'ought to have made.'"). In *Martin*, we reiterated how we would review a trial court's ruling on a Rule 4(h) issue:

> In determining good cause this Court has held that the decision "would be a discretionary ruling on the part of the trial court and entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." *Rains v. Gardner*, 731 So. 2d 1192, 1197 (Miss. 1999).

*Id.* at 466. However, in *Martin*, this Court further stated we would "sometimes assume" that the trial court made findings of fact which were deemed to be sufficient to support its decision. *Id.* (citing *Pace v. Owens*, 511 So. 2d 489, 492 (Miss. 1987)). Because this Court

7

was unable to determine from the record whether the chancellor's denial of the motion to dismiss pursuant to Rule 4(h) was "based on substantial evidence," the case was reversed and remanded. *Id.* at 467. *Cf. Gavin v. State*, 473 So. 2d 952, 955 (Miss. 1985) (trial court's denial of defendant's motion to suppress inculpatory statement affirmed despite failure to make on-the-record findings on voluntariness of statement, based on evidence in appellate record sufficient to support trial court's ruling).

¶12.    Thus, the determination of whether a trial court's failure to make on-the-record findings of fact to support its decision is reversible error necessarily must be made on a case-by-case basis.

¶13.    We thus turn to the record before us in today's case. Stutts argues that her efforts to locate and serve process on the Millers constituted good cause, and she offered ten affidavits in support of her argument. Stutts's attorney stated in his affidavit that he sent a process server to the address he had for the Millers in late September or early October 2007, only to learn that the Millers no longer lived there. Stutts's attorney also stated that he had checked local telephone directories for addresses or telephone numbers in early October 2007 to no avail, and he had contacted young men around the age of Jaci Miller for contact information in the fall of 2007, but also to no avail. The affidavits of two Alcorn County constables, an employee of the Alcorn County Tax Collector's Office, a former Alcorn County supervisor, an Alcorn County Justice Court employee, a former Alcorn County deputy sheriff, and a Kossuth Middle School teacher, all provided essentially the same information – that they had been contacted by Stutts's attorney, or the attorney's secretary, in either September, October,

8

or the fall of 2007, for contact or location information regarding the Millers. Five of these affidavits simply referenced the fall of 2007 without being more specific as to when the affiants were contacted for information. All seven of the persons contacted were unaware of the information requested other than the address where Stutts's attorney previously had attempted service on the Millers. The affidavit of the secretary for Stutts's attorney related the same attempts to obtain information related to the Millers, and in addition, she stated that she had contacted a lifelong resident of Kossuth on January 21, 2008, after the 120-day period for service of process. Also, the attorney's secretary stated, without providing a date for this action, that she had checked the land rolls for Alcorn County and had found no real property owned by the Millers, and she had checked debt-collection programs designed to locate residences and employment of individuals without success in the fall of 2007. The tenth affidavit, executed by Stutts's attorney, stated that, in late September or early October 2007, he had attempted to serve process on the Millers twice and, on the second occasion, he had learned that they had moved. The efforts related in these affidavits occurred in either September or October 2007, or after the expiration of the 120-day period. Some of the affidavits simply referenced the fall of 2007, but none of the affidavits related efforts to locate or serve process on the Millers in the winter months leading to the expiration of the 120 days.

¶14. Stutts contends that her efforts to locate the Millers were similar to those in *Fortenberry v. Memorial Hospital at Gulfport, Inc.*, 676 So. 2d 252, 255-56 (Miss. 1996), wherein this Court determined that good cause was shown in trying to serve one of the

defendants, Dr. Mitchell. However, in *Fortenberry*, the plaintiff could not locate Dr. Mitchell, not simply because he had moved, but because Dr. Mitchell had relocated from the Gulf Coast to Oxford. *Id*. at 256. Also, in trying to locate Dr. Mitchell, the plaintiff had requested and received two grants of additional time from the trial court, had written a letter advising the trial court that Dr. Mitchell could not be found, and ultimately had hired a private investigator to locate Dr. Mitchell. *Id*. at 255-56. This Court stated: "Here, we are not faced with simple inadvertence, mistake of counsel, or ignorance of the rules. Fortenberry's counsel was clearly aware of the rules." *Id*. at 256. The same cannot be said as easily in today's case.

¶15. Although Stutts argues that her efforts to locate the Millers were "not only diligent, but exhaustive," she failed to request even one extension of time from the trial court. Although no specific rule requires a motion for additional time for service of process, "this Court has held that, if it appears process cannot be served within the 120-day period, 'a diligent plaintiff should file [a motion for additional time to serve process] within the 120-day time period. Such diligence would support an allegation that good cause exists for failure to serve process timely.'" *Montgomery v. SmithKline Beecham Corp.*, 910 So. 2d 541, 545 (Miss. 2005) (quoting *Webster v. Webster*, 834 So. 2d 26, 29 (Miss. 2002)). In *Montgomery*, this Court likewise stated that "a plaintiff who – prior to expiration of the service period – files a motion representing that he or she has been unable to serve process, will more likely succeed in demonstrating diligence than a plaintiff who does nothing. Either way, however, the plaintiff must demonstrate diligence." *Id*. at 546. It would be prudent for

a diligent plaintiff who files his or her complaint only four days before the running of the applicable statute of limitations at least to file a motion for additional time to serve process if it appears that service of process will not be accomplished within the 120-day period provided by Rule 4(h).

¶16.    For the reasons previously stated, this Court cannot say that the trial judge abused his discretion in finding that Stutts had failed to show good cause for not timely serving the Millers.  As such, this assignment of error is without merit.[5]

¶17.    Furthermore, although a dismissal for failure to show good cause why service was not effected within the 120-day period pursuant to Rule 4(h) is without prejudice, the trial court correctly dismissed today's case with prejudice.  *See **Johnson***, 982 So. 2d at 415; Miss. R. Civ. P. 4(h).  "While the filing of a complaint tolls the statute of limitations, if service is not made upon the defendant within 120 days as required by M.R.C.P. 4(h), the limitations period resumes running at the end of the 120 days."  ***Owens v. Mai***, 891 So. 2d 220, 223 (Miss. 2005) (citations omitted).  *See also **Heard***, 937 So. 2d at 942 (citations omitted) ("If the defendant is not served during the 120-day service period, the statute begins to run again.").  Stutts filed her complaint on September 20, 2007, four days before the statute of

_____

[5]Also, pursuant to Mississippi Rule of Civil Procedure Rule 52(b), "[u]pon motion of a party filed not later than ten days after entry of judgment or entry of findings and conclusions . . . the court may amend its findings or make additional findings and may amend the judgment accordingly."  Miss. R. Civ. P. 52(b).  Accordingly, Stutts had an opportunity to request additional findings of fact from the trial court and chose not to do so.  Thus, this Court may presume that the trial court made all findings of fact that were necessary to support its ruling, especially where we have before us the same affidavits that the trial court considered.

11

limitations ran. It is undisputed that the applicable statue of limitations is three years. *See* Miss. Code Ann. § 15-1-49 (Rev. 2003). Stutts did not serve the Millers until January 24, 2008, six days after the expiration of the 120-day period, on January 18, 2008. On this date, the statute of limitations resumed running and expired on January 22, 2008, before the Millers were served. Thus, the trial court did not err in dismissing Stutts's complaint with prejudice.

## CONCLUSION

¶18. For the reasons stated, the Alcorn County Circuit Court's order granting the Millers' motion to dismiss and dismissing Stutts's complaint with prejudice is affirmed.

¶19. **AFFIRMED.**

**RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR. PIERCE, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, LAMAR AND CHANDLER, JJ. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND GRAVES, P.J. DICKINSON, J., NOT PARTICIPATING.**

**PIERCE, JUSTICE, SPECIALLY CONCURRING:**

¶20. Although I fully concur with the majority opinion, I am compelled to write separately to address the issue of deferential review. The dissent, in concluding that the trial court erred in finding that "good cause" was not present, bases its analysis on this Court's holding in *Jenkins v. Oswald*, 3 So. 3d 746 (Miss. 2009). Curiously absent from the dissent's analysis is a discussion of the deference this Court owes a trial court in finding whether good cause was present in a particular matter. As I stated in a special concurrence in *Jenkins*, "[i]t cannot be overstated that our trial courts are entitled to 'deferential review' in matters that

12

require a discretionary ruling." *Jenkins,* 3 So. 3d at 751 (Pierce, J. specially concurring) (citing *Rains v. Gardner*, 731 So. 2d 1192, 1197-98 (Miss. 1999)). Under this Court's limited scope of review, it cannot be said that the trial court abused its discretion in the present matter.

**RANDOLPH, LAMAR AND CHANDLER, JJ., JOIN THIS OPINION.**

**KITCHENS, JUSTICE, DISSENTING:**

¶21. I respectfully disagree with the majority opinion, and I would find that the trial court abused its discretion in finding that "good cause" was not established.

¶22. As noted by the majority, Mississippi Rule of Civil Procedure 4(h) reads:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint *and the party on whose behalf such service was required cannot show good cause why such service was not made within that period,* the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

M.R.C.P. 4(h). Thus, Mississippi Rule of Civil Procedure 4(h) contains two elements that must be present before an action may be dismissed for want of service within 120 days of the complaint's being filed. M.R.C.P. 4(h). First, there must be a failure to serve process within 120 days of filing, and, second, the party failing to serve process must be unable to show the court "good cause" why service was not effected within the allotted time. *Id.*

¶23. Although no bright-line definition of "good cause" is articulated within Mississippi Rule of Civil Procedure 4(h), this Court has held:

> [G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third

13

person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, *or* the plaintiff is proceeding pro se or in forma pauperis.

*Jenkins v. Oswald*, 3 So. 3d 746, 749-50 (Miss. 2009) (quoting *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1186 (Miss. 2002) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1137 (3d ed. 2000))) (emphasis in original).

¶24.    In *Jenkins*, the plaintiff filed her complaint in July 2002, yet service of process was not effected until January 2007. *Id*. at 747. Having been served with process four years after the 120-day period provided by Mississippi Rule of Civil Procedure 4(h) had lapsed, the defendant moved to dismiss the complaint. *Id*. In response to the motion to dismiss the complaint, evidence was adduced that the plaintiff had attempted to serve process on the defendant at two physical addresses thought to be the dwellings of the defendant. *Id*. at 747-48. The plaintiff also had attempted to locate the defendant with the aid of the United States Postal Service and Google, and the plaintiff had asked several of the defendant's friends where the defendant could be located. *Id*. However, it was not until more than four years after the complaint had been filed, when plaintiff's counsel saw the defendant on a television advertisement and contacted the Office of the Secretary of State for a business address, that service was effected. *Id*. at 748.

¶25.    After hearing testimony of the plaintiff's efforts, the trial judge observed that the plaintiff had not filed a motion for an enlargement of the 120-day period; however, the trial judge denied the defendant's motion to quash process, noting that, because there was credible

14

testimony evincing "some diligence, or at least reasonably diligent efforts[,]" "good cause" for failing to serve process within the 120-day period of Mississippi Rule of Civil Procedure 4(h) existed, and dismissal was not warranted. *Id*.

¶26.    On interlocutory appeal, this Court affirmed the *Jenkins* trial court, acknowledging that the only imperative with respect to enlarging the 120-day period per Mississippi Rule of Civil Procedure 4(h) is that good cause be established, not whether the plaintiff filed a motion for an extension of time. *Id*. at 749-51.

¶27.    In the case at bar, the majority opinion fails to address whether good cause was demonstrated by the plaintiff, or whether counsel for Stutts "acted diligently." *Jenkins*, 3 So. 3d at 749-50; M.R.C.P. 4(h).  Instead, the majority relies on *Montgomery v. SmithKline Beecham Corp.*, 910 So. 2d 541 (Miss. 2005), in which this Court opined, "[A] diligent plaintiff should file [a motion for additional time to serve process] within the 120-day time period." *Id.* at 545; Maj. Op. at ¶15.  However, *Montgomery* does not hold that the sole method for a plaintiff to show diligence is filing a motion for an extension of time in which to serve the defendant, or that such is required. *Id.*  Instead, *Montgomery* stands for the proposition that, regardless of whether a plaintiff files a motion for an enlargement of time, he or she must demonstrate to the court an exercise of diligence in trying to serve the defendant(s). *Id.* at 543.  "Stated another way, a plaintiff who – prior to expiration of the service period – files a motion representing that he or she has been unable to serve process, will *more likely* succeed in demonstrating diligence than a plaintiff who does nothing. *Either way, however, the plaintiff must demonstrate diligence*." *Id.* at 546 (Emphasis added.)

15

¶28. Here, to establish diligence or "good cause," counsel for Stutts submitted ten affidavits, which were not contradicted by the defendants. Through these affidavits, it was shown that Stutts had sent a process server multiple times to the defendants' address that was included in the accident report, but the defendants no longer lived there and no persons present could, or would, reveal the defendants' address. Failing in that effort to serve process, Stutts had checked the Alcorn County land roll and local telephone records, but to no avail. Stutts also had checked the Alcorn County Tax Collector's records for automobiles registered to either defendant; however, the address in these records was the same incorrect address appearing in the accident report. Stutts had consulted a local constable, who had served for sixteen years in that position, along with a district supervisor, the Alcorn County Justice Court, the Corinth Municipal Court, a Deputy Alcorn County chancery clerk, a deputy sheriff who had served in office for twenty years, and another Alcorn County constable, all of whom were unaware of the defendants' whereabouts. Stutts also had contacted a school teacher at Kossuth Middle School, a school in the Alcorn County School District, after learning that Defendant Jaci Miller may have attended that school; however, the teacher had no knowledge of that defendant's location. Stutts also had contacted a business owner and lifelong resident of the area, as well as young persons close to Jaci Miller's age, in hopes that they would know that defendant's location. In addition, Stutts had checked multiple debt-collection programs in an effort to locate and serve process on the defendants. Yet, each of these efforts, which were established by undisputed affidavit, proved unfruitful. It was not until soon after the expiration of the 120-day period that someone at the Alcorn County Courthouse, who was

16

aware of the plaintiff's quest, provided a lead that quickly resulted in the defendants' being served.

¶29.    While it is true that Stutts, like the plaintiff in *Jenkins*, failed to file a motion to extend the 120-day period provided by Mississippi Rule of Civil Procedure 4(h), this circumstance is not dispositive.  It is necessary only that the plaintiff show "good cause" for failing to meet the 120-day deadline, that is, that "the plaintiff . . . acted diligently in trying to effect service or there are understandable mitigating circumstances." *Id.* at 749-50 (Miss. 2009) (quoting *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1186 (Miss. 2002) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1137 (3d ed. 2000))).  Stutts has strongly made such a showing; she was far from dilatory or slothful, and, to the contrary, was uncommonly industrious in trying to find and serve these defendants.

¶30.    Given that the linchpin in the majority's analysis is that the plaintiff did not file a motion for an extension of time, rather than whether the diligence, or lack thereof, of the plaintiff amounted to "good cause" within the meaning of Mississippi Rule of Civil Procedure 4(h), the majority has elevated the recommended, but optional, motion for an extension of time to the status of an indispensable element of "good cause."  Because this new, judicially created element can be found in neither Mississippi Rule of Civil Procedure 4(h) or this Court's precedent, I respectfully dissent, and would hold that the trial court abused its discretion by finding that "good cause" for the plaintiff's failure to serve process within 120 days of the suit's being filed was not established.

**WALLER, C.J., AND GRAVES, P.J., JOIN THIS OPINION.**

17