PIERCE, Justice,
specially concurring:
¶ 36. I concur with the Majority’s decision to affirm the trial court’s dismissal for failure to prosecute. I write separately, however, to emphasize our “deferential review” of trial courts in such matters as these.[8]
¶ 37. In Stutts v. Miller, we affirmed a grant of dismissal for failure to serve process within the time prescribed by Mississippi Rule of Civil Procedure 4(h).[9] Earlier, in Jenkins v. Oswald, we affirmed the denial of a grant of dismissal where a plaintiff failed to serve process for more than four years.[10] In both cases, I concurred specially, saying “[i]t cannot be overstated that our trial courts are entitled to ‘deferential review in matters that require a discretionary ruling.”[11]
¶ 38. While dismissal for failing to serve process and dismissal for failing to prosecute, the issue here, are different matters, they both are in the discretion of the trial court. As in Jenkins, I admit that I have some discomfort with the decision of the trial court.[12] However, in agreement or disagreement, our level of *202 deference remains unchanged. The record reflects that the trial court adequately made findings of fact and so came to a decision that is squarely within our precedent. I yield to that ruling.
WALLER, C.J., AND LAMAR, J, JOIN THIS OPINION. CARLSON, P.J., DICKINSON AND RANDOLPH, JJ., JOIN THIS OPINION IN PART.

. See Stutts v. Miller, 37 So.3d 1, 7 (Miss.2010) (Pierce, J., concurring) (citing Rains v. Gardner, 731 So.2d 1192, 1197-98 (Miss.1999)).

. Stutts, 37 So.3d at 7.

. Jenkins v. Oswald, 3 So.3d 746, 750-51 (Miss.2009).

. Stutts, 37 So.3d at 7 (Pierce, J., concurring) (citing Jenkins, 3 So.3d at 751).

. Jenkins, 3 So.3d at 751.