IRVING, P.J.,
for the Court:
¶ 1. Walter D. Bass, a convicted sex offender, filed a petition in the Harrison County Circuit Court for a conditional medical release from prison. The circuit court denied his petition. Bass appeals, arguing that Mississippi Code Annotated section 47-7-4 (Supp.2012) is unconstitutional in that it prohibits sex offenders from receiving conditional medical release and denies them due-process protections afforded to other prisoners. Bass further argues that he has been subjected to cruel and unusual punishment due to deliberate indifference to his serious medical needs.
¶ 2. Finding that Bass’s petition is procedurally barred because he did not make the Attorney General a party to his petition or raise the issue of constitutionality of section 47-7-4 in his petition, we affirm the judgment of the circuit court.
FACTS
¶ 8. On March 26, 2010, Bass pleaded guilty to touching a child for lustful purposes. He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with five years to serve, ten years suspended, and ten years of post-release supervision. Approximately ten months later, Bass petitioned the circuit court for a conditional medical release under section 47-7-4, stating that he was suffering from a severe heart condition. A copy of Bass’s petition was forwarded to Dr. Gloria Perry, MDOC’s chief medical officer, and to MDOC Commissioner Christopher Epps for review.[1]
¶4. MDOC, through Dr. Perry, denied the request, stating that Bass was not eligible for conditional medical release due to his status as a sex offender. MDOC further stated that Bass would continue to receive the appropriate medical care while he is incarcerated. Bass then filed a petition for a writ of mandamus in the circuit court in which he sought an order striking the prohibiting language from section 47-7-4 or mandating that he be granted a conditional medical release. The circuit court declined to issue the writ, finding that Bass was statutorily prohibited from receiving a conditional medical release.
¶ 5. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Section 47-7-4 states, in pertinent part, that “[t]he commissioner and the medical director of the department may place an offender who has served not less than one (1) year of his or her sentence, except an offender convicted of a sex crime, on conditional medical release.” (Emphasis added). As stated, in his brief, Bass challenges the constitutionality of section 47-7-4. “[W]hen a statute’s constitutionality is challenged, the Attorney General must be notified and provided an opportunity to respond.” Martin v. Lowery, 912 So.2d 461, 465 (¶9) (Miss.2005) (citing In re D.O., 798 So.2d 417, 423 (¶ 22) (Miss.2001)). See also, Miss. R. Civ. P. 24(d). The Mississippi Supreme Court has *891 “procedurally barred challenges to the constitutionality of a statute where a party failed to notify the Attorney General” and failed to raise the issue of constitutionality before the [circuit] court. Id. (citing Cockrell v. Pearl River Valley Water Supply Dist., 865 So.2d 357, 360 (¶ 10) (Miss.2004)).
¶ 7. Not only did Bass fail to raise the issue of constitutionality in his petition for conditional medical release, he also failed to give notice to the Attorney General. Accordingly, Bass’s challenge to section 47-7-4 is procedurally barred. As to Bass’s contention that he has been subjected to cruel and unusual punishment due to deliberate indifference to his serious medical needs, suffice it to say that he has offered no facts indicating that he is suffering from a medical condition that is not being adequately addressed by MDOC. His allegations that he is being subjected to cruel and unusual punishment is premised on the notion that denying him a conditional medical release is tantamount to cruel and unusual punishment. As stated, in denying Bass a conditional medical release, MDOC made it clear that Bass will continue to receive appropriate medical treatment. Bass has offered nothing to indicate that MDOC is failing to provide such treatment. Therefore, there is no merit to this issue.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. The record does not inform us as to who forwarded the copy of Bass’s petition to MDOC.